## STATE ex DAVIS v. INDUST. COM.

Ohio Supreme Court.

No. 20699. Decided Dec. 21, 1927.

In Mandamus.

Writ allowed.

Syllabus by Editorial Staff.

1283. WORKMEN'S COMPENSATION— 631. Industrial Commission—Where injured employe of employer of more than five persons, who is not a self insurer nor subscriber to the State Insurance Fund receives allowance from Industrial Commission, such allowance must be paid out of reserve fund regardless of whether or not amount can be collected from employer.

Messrs. Smoyer & Smoyer, Akron, and Mr. Stanley S. Stewart, Columbus, for relator.

Mr. Edward C. Turner, attorney general, and Mr. R. R. Zurmehly, for defendant.

BY THE COURT.

This is an action in mandamus instituted in this court. The petition of the relator contains the following facts: On May 27, 1924, the relator was an employe of an employer employing five or more workmen. The employer was not a subscriber to the state insurance fund nor a self-insurer under the Workmen's Compensation laws of the state. On the date aforesaid the relator received personal injuries while engaged in the scope of his employment. He made application to the Industrial Commission for compensation and on the 21st day of November, 1924, the commission found that he had sustained the injuries complained of, and that the employer, employing five or more workmen at the time of the injury, was neither a self-insurer nor a subscriber to the state insurance fund. It found that the relator had suffered a temporary total disability for seven weeks, for which an allowance was made in the sum of $116.69, and a further allowance made in the sum of $1,667 for the loss of an eye, resulting from his injury.

Thereafter the attorney general on behalf of the relator began an action in the Summit County Court of Common Pleas against the employer to recover the compensation so awarded, together with a penalty on the amount awarded. This action resulted in a judgment against the employer in the sum of $2,675.53 on behalf of the relator. From that judgment no error or appeal has been prosecuted. The employer at the date of the judgment was, and ever since has been insolvent and unable to respond to execution.

The petition further alleges that in compliance with the Workmen's Compensation law, particularly Section 1465-74, General Code, the Attorney General certified to the commission his inability to collect the judgment; in whole or in part, and that, notwithstanding the foregoing facts, the commission has failed and refused to pay to the relator the amount of his judgment, or any part thereof, a duty which is claimed by the relator to have been imposed upon the commission by virtue of Section 1465-54 and Sections 1465-74 and 1465-75, General Code. It is alleged by the relator that the commission has in the surplus fund under its control more than sufficient to pay the judgment. The relator asks for a writ of mandamus commanding the commission to pay the relator the amount of said judgment and for all other and proper relief.

The commission filed an answer containing two defenses. In the first defense all of the facts contained in the petition are substantially admitted. The second defense pleads, in substance, that since May 17, 1927, because of the amount of work on hand, it has been unable to conduct the proceedings required of it under Section 1465-75, General Code, and that its regular, daily work consists of such a vast number of hearings as to preclude giving attention to the relator's claim. The answer further alleges that the commission "will as soon as possible take the proceedings required by said section in connection therewith." The respondent asks that the alternative writ of mandamus heretofore issued be quashed and that the relator's petition be dismissed.

The constitutional questions arising in this case were heretofore determined by this court in State, ex rel. Williams v. Industrial Commission, 116 Ohio St., 45, and it is futile to rediscuss them at this time. It may, however, be briefly noted that our Workmen's Compensation Law constitutes one composite scheme, having in contemplation the payment of compensation to all employes of employers employing five or more workmen, whether such employer has or has not complied with the Workmen's Compensation Law of the state.

Section 1465-54, General Code, provides for the creation and maintenance of a surplus fund. Section 1465-74, General Code, provides in substance that an "employe whose employer has failed to comply with the provisions of Section 1465-69" may file his application with the commission for compensation, and that the commission may make an award to the claimant for such amount as he would be entitled to receive if his employer had complied with the law. The section thereupon requires the Attorney General to institute a civil action against the employer for the collection of the award, and, if the Attorney General certifies that such award cannot be collected in whole, the section requires that "the award shall be paid from the surplus created by Section 1465-54," etc. Sections 1465-74 and 1465-75, General Code, were contemporaneously passed by the General Assembly on March 25, 1925, and incorporated in the same act (111 Ohio Laws 222). The scheme of compensation thereby adopted and embraced in the two sections relates to the payment of compensation out of the surplus fund in cases where the employer has not complied with the compensation laws in respect to the payment of premiums. The act of March, 1925, comprising Sections 1465-74 and 1465-75, General Code, embodies in its scheme of compensation both payment of premiums and compensation for injuries suffered "after January 1, 1923." In subsection 75 reference is twice made to subsection 74 of the same act, and construing them both in pari materia they show a legislative purpose to protect, after January 1, 1923, the employe of an employer employing five or more workmen, where the employer has not complied with the Workmen's Compensation Law; and whether the Attorney General certifies that a premium cannot be collected from an insolvent employer under subsection 75, or certifies that an award cannot be collected under subsection 74, it is evident that the manifest intention of the General Assembly was to provide that in either case, after January 1, 1923, an employe who had suffered injuries should be compensated out of the surplus in the state insurance fund. Any other construction would tend to produce a legislative paradox.

One defense of the respondent in this case is that "it has been unable at any time since the 17th day of May, 1927, to conduct any of the proceedings required of it by Section 1465-75, General Code." Those proceedings seem to relate chiefly to the collection of premiums from employers, and their main purpose is to recoup the state insurance fund by a recovery of premiums in a suit brought by the Attorney General. The employe himself is not interested in the result of that suit. His claim for compensation rests upon the statute which

requires payment out of the surplus fund in case of the employer's insolvency.

As it is admtited by the pleadings that the judgment secured on behalf of the relator was rendered at the September term, 1925, and since about two years have elapsed without payment to the relator of the compensation secured by that judgment, it is our opinion that a writ should issue in favor of the relator for the payment of the judgment out of the surplus fund. The writ is allowed.

(Day, Allen, Jones and Matthias, JJ., concur.)