This case was formerly reported in 116 Ohio St. 45,156 N.E. 101, where constitutional *Page 48 
features were discussed. It was heard and decided upon a demurrer of the attorney general to the petition of relator. The demurrer to the petition was overruled and a peremptory writ allowed in favor of the relator, who asked that the commission proceed with the determination of certain facts required by Section 1465-75, General Code, which the relator thought to be prerequisite to recovery of compensation from the surplus fund. Since the previous order a return has been made by the commission, to which exceptions have been filed by the relator.
The return shows that the relator has been unable, for obvious reasons, to determine the amount of premium; has been unable to locate the employer, or to fix his premium by reason of failure to obtain the employer's records or pay rolls. The relator was injured on October 6, 1923, and it is now evident that the effort of the attorney general is both vain and fruitless, while the delay resulting to the relator in procuring compensation for his injuries continues. The fact that the state is unable to recover premiums from or to fix liability upon the employer does not deprive his employee from finally receiving the compensation due him under the law.State, ex rel. Davis, v. Industrial Commission, 118 Ohio St. 340, 161 N.E. 32.
The exceptions to the return of the commission are sustained, and the respondent will be ordered to ascertain and pay the compensation found to be legally due the relator.
Exceptions sustained.
DAY, ALLEN, JONES and MATTHIAS, JJ., concur. *Page 49