Jones, J.
The facts alleged in the petition are by the demurrer conceded to be true. The petition alleges that the relator was injured in the course of his employment, that he was an employee of an employer employing five or more workmen, and that his employer was a person by the name of Bonney, who had failed to comply with the Workmen’s Compensation Law. The relator applied to the commission for and was awarded compensation. Bonney, being notified of the commission’s finding, asked for a rehearing upon the ground that one Bergman, and not he, was the relator’s employer. Bonney’s request for a rehearing was denied, and the award certified to the Attorney General for collection.
After the commission had awarded compensation to the relator in a proceeding wherein Bonney was a party, and after determining that Bonney was relator’s ' employer, employing five or more persons, Bonney contested a suit brought against him by the Attorney General for the collection of the award; he defended by pleading that he was not, in fact, the employer of the relator. This defense was made under his claim of judicial process for the de *21 termination of such issue under the principle announced in Fassig v. State, ex rel. Turner, Atty. Genl., 95 Ohio St., 232, 116 N. E., 104, and State, ex rel. Turner, Atty. Genl., v. Derrer, 101 Ohio St., 498, 130 N. E., 557. We glean from the argument of counsel that the merit of Bonney’s defense lay in the fact that Bergman, and not he, was Thompson’s employer. In the Attorney General’s suit against Bonney the latter secured a favorable verdict. Now counsel for the Attorney General advances the argument that, “if the claimant was not employed by Mr. Bonney, the commission would have absolutely no authority to make an award,” and that the award is a mere nullity.
With the possible exception of that phase of this controversy, every other question has heretofore been determined by this court. The constitutionality and construction of Sections 1465-74 and 1465-75, General Code (111 O. L., 222), passed March 26, 1925, were considered and determined in the following cases: State, ex rel. Williams, v. Industrial Commission, 116 Ohio St., 45, 156 N. E., 101; State, ex rel. Davis, v. Industrial Commission, 118 Ohio St., 340, 161 N. E., 32; State, ex rel. Williams, v. Industrial Commission, 119 Ohio St., 47, 161 N. E., 486.
These sections of the act were so construed as to protect and compensate employees of employers who had failed to comply with the Workmen’s Compensation Law, by requiring the payment of compensation out of the surplus fund created by Section 1465-54, General Code.
In State, ex rel. Davis, v. Industrial Commission, 118 Ohio St., 340, 342, 161 N. E., 32, 33, construing the sections named, this court stated that the Com *22 pensation Law as it then existed “constitutes one composite scheme, having in contemplation the payment of compensation to all employees of employers employing five or more workmen, whether such employer has or has not complied with the Workmen’s Compensation Law of the state.” And in State, ex rel. Williams, v. Industrial Commission, 119 Ohio St., 47, 161 N. E., 486, we said: “The fact that the state is unable to recover premiums from or to fix liability upon the employer does not deprive his employee from finally receiving the compensation due him under the law. ’ ’
Bonney is not now in the picture. He cannot complain of the want of due process, for he has had his hearing before a court and jury, which relieved him from liability, presumably upon an issue that he was not the employer. But the determination of that case was not an adjudication against the injured employee. That suit was one between the state and Bonney for the collection of the award. The commission could compromise the suit or prosecute it to final judgment, as it deemed best. Section 1465-74, General Code. Thompson, the relator, was not a party to that suit, had no control over it, nor did he have any opportunity of presenting evidence tending to show that Bonney, and not Bergman, was in fact his employer. Nor can the state complain of want of due process, since in the proceeding on his application for compensation the injured workman complied with the process which the state statute provided, and obtained an award in the manner, and from the tribunal, designated by the state.
Section 1465-74, General Code, furnishes complete *23 remedies for both, the injured workman and the state, whereby the former can obtain compensation and the latter a recoupment of the state insurance fund. It provides that cmy employee, whose employer has failed to comply, may file his application for compensation, and that the commission, as in other claims, shall award such compensation as if the employer had complied. It provides for certification of the amount of the award to the Attorney General for collection by suit in the name of the state, and for the payment of the amount recovered into the state insurance fund; it provides for the certification by the Attorney General to the commission of “the result of his efforts to recoup the state insurance fund,” and then the last clause of the section provides: “if he [the Attorney General] certifies that such award cannot be collected in whole, the award shall be paid from the surplus created by Section 1465-54.”
Four years and more have passed since the injured workman obtained his award; the Attorney General has so far failed to collect it, and, by the express provisions of the statute, not only is the certification of his failure to collect required to be made to the commission, but, when he does so certify, then the award “shall be paid from the surplus” fund.
It is conceded by the demurrer that the relator was an employee of an employer employing five or more workmen, and the only controversy seems to be whether he was the employee of Bergman or Bonney. One or the other was Thompson’s employer, and one or the other did employ five or more workmen. Bergman and Bonney may battledore that *24 issue between themselves, but their quarrel does not concern the injured workman, who was entitled to compensation if employed by either. The duty of ascertaining who the employers are who neglect to pay their premiums, or who fail to comply with the Workmen’s Compensation Law, rests upon the state; the fines imposed upon noncomplying employers are paid into the state insurance fund; and if the state fails to collect premiums from, or fails to fix the liability upon, the real employer, such failure does not deprive an injured employee from recovering the award after the commission’s determination of the jurisdictional facts in the applicant’s favor, including the fact that the applicant was in the service of an employer employing five or more workmen under the statute then in force.
Since more than two years have elapsed since the date of the award, we are of opinion that the demurrer to the petition should be overruled, and, unless the commission desires to further plead, a writ in mandamus will be allowed for the payment of the award out of the surplus fund.

Demurrer overruled.

Matthias, Day and Allen, JJ., concur.