Jones, J.

In his brief the Attorney General urges two reasons why the relator should not be granted relief. First, He contends that an employee, who has obtained an award against a noncomplying em *69 ployer, is not entitled to payment of the award out of the surplus fund before a court or jury has affirmed the finding of the commission. The last paragraph of Section 1465-74, General Code (111 Ohio Laws, 223), reads as follows: “The payment of any judgment recovered in the manner provided herein shall entitle such claimant to the compensation provided by this act for such injury, occupational disease or death. The attorney general shall, as soon as the circumstances warrant, and not more than two years after the date of such award made by the commission, certify to the commission the result of his efforts to recoup the state insurance fund as herein provided, and if he certifies that such award can not be collected in whole, the award shall be paid from the surplus created by Section 1465-54, and any sum then or thereafter recovered on account of such award shall be paid to the commission and credited to such fund as the commission may designate. ’ ’
Relying upon the language in the first sentence of that paragraph, the Attorney General contends that the recovery of a judgment against the employer is necessary before the claimant of the award becomes entitled to payment out of the surplus fund; but, construing the entire paragraph, we are unable to arrive at that conclusion. The payment of the judgment certainly entitles the claimant to compensation; so also does the nonpayment of the judgment, or a certificate that the award cannot be collected, equally entitle the claimant to compensation, for the statute explicitly states that, upon the making of such certificate, “the award shall be paid from the surplus created by Section 1465-54. ’ ’ The payment *70 of the award is not made contingent upon the securing of a judgment by the state, but upon its payment, or upon a certificate of noncollectability made within two years after the date of the award. The ultimate purpose of the state’s suit is the recoupment of the surplus fund, and any sum, whether “then or thereafter recovered,” is to be paid into and credited to that fund. Many of the questions presented have heretofore been considered and discussed by this court, notably in the case of State, ex rel. Thompson, v. Industrial Commission, 121 Ohio St., 17, 166 N. E., 806, where we held that the failure of the state to collect an award from an employer who had failed to comply with the Workmen’s Compensation Law does not deprive an injured employee from obtaining his award from the surplus fund.
Second, The Attorney General presents this query to the court: “Is the Industrial Commission authorized to pay any award out of the surplus fund before the attorney general is in a position to certify and does certify whether such an award against a non-complying employer is collectable in whole or in part?” Stated in another form the question is: Can one who has been allowed such award obtain relief by way of mandamus within two years after the award has been made by the commission, where no certificate of noncollectability has been made by the Attorney General? The answer of the Attorney General contains an allegation which is a conclusion of law rather than of fact. He pleads that Section 1465-74, General Code, does not authorize the commission to pay any portion of the award at the present time.
An inspection of the pleadings discloses that the *71 commission made two awards. The first was made September 15, 1926, and was for the sum of $894.72, covering compensation, hospital and medical expenses ; the second award of the commission was an additional award made on October 4, 1929. The petition in this case was filed on October 24, 1929, twenty days after the date of the second award. Section 1465-74, General Code, provides that, after failure of the employer to pay the award, the commission shall certify the same to the Attorney General who must forthwith institute a civil action for its collection against the employer in the name of the state. The answer or demurrer to the petition must be filed in ten days; the reply or demurrer to the answer within twenty days, and the demurrer to the reply within thirty days after the return date of summons or service by publication. The section further requires that motions and demurrers must be submitted to the court within ten days after the same are filed, and that, as soon as the issues are made up, the case must be placed at the head of the trial docket and shall be first in order of trial. The last clause provides that the Attorney General, not more than two years after the date of the award made by the commission, shall certify to the commission his efforts to recoup the state fund, and if he certifies that the award cannot be collected “the award shall be paid from the surplus.”
These provisions evidence a legislative purpose of requiring speedy proceedings, thereby better conserving the legitimate interests of both the state and injured workmen; of the former by securing the co-operation of the injured employee, who had obtained his award, in the prosecution of the suit by *72 the state against his employer; of the employee, by providing speedy action on the part of the state and by requiring its officer to certify, within a limited time, that the amount cannot be collected. The statute clearly provides that the award cannot be paid from the surplus until payment of a judgment, or until certification is made by the Attorney General ; but it is equally clear that he must make such certificate within two years after the date of the award; if he fails to so certify, within his legal time limit, his failure should not inure to his benefit nor deprive the injured workman of his just right to compensation. The state admits that great delay has resulted in this case, because of the amount of investigation required and because of the crowded condition of the Allen county common pleas court docket. But the law yields to these cases the right of way. The first award was made in 1926; meanwhile the claimant, physically unable to move without assistance, has lived upon the charity of others.
We are of the opinion therefore that mandamus will not lie to compel the commission to pay the award out of the surplus fund, unless (a) the Attorney General has certified that such award cannot be collected in whole, or (b) more than two years have elapsed and no certification has been made to the commission during that period as required by law.
In the following cases this court awarded the writ where two years or more had elapsed since the date of the award: State, ex rel. Davis, v. Industrial Commission, 118 Ohio St., 340, 161 N. E., 32; State, ex rel. Thompson, v. Industrial Commission, supra.
Since the first award of the commission was made on September 15, 1926, more than two years prior *73 to the bringing of this action, a writ of mandamus will be issued compelling the commission to pay the amount of that award. However, since we are unable to determine from the petition its exact amount, if counsel can agree the amount may be incorporated in the journal entry. Since two years have not elapsed from the date of the second, or additional award, this action to compel its payment is prematurely brought, and a writ compelling the commission to pay the amount of that award at the present time will be denied.

Writ allowed in part.

Kinkade, Matthias, Day and Allen, JJ., concur.
Marshall, C. J., dissents.