Jones, J.
The question: Is the surplus fund, created by Section 1465-54, available to the dependents of a deceased employee, whose death resulted from an injury suffered prior to January 1, 1923? The commission answered this question in the negative and denied payment of the award out of the surplus fund.
The precise question here involved has not heretofore been determined by this court. Howjever, we have held that the surplus fund was available under Sections 1465-74 and 1465-75, General Code, to such employees as were injured after January 1, 1923. State, ex rel. Williams, v. Industrial Commission, 116 Ohio St., 45, 156 N. E., 101; State, ex rel. Rudd, v. Industrial Commission, 116 Ohio St., 67, 156 N. E., 107; State, ex rel. Davis, v. Industrial Commission, 118 Ohio St., 340, 161 N. E., 32.
The opening sentence in the opinion in the Williams case, supra, has this statement: “The injury occurred on October 6, 1923. The amended relief Section 1465-75, General Code, evidently extends relief to those employees of employers who were such on or ‘at any time after January 1, 1923.’ ” And in the Davis case, supra, the per curiam contains the following at page 343 of 118 Ohio State, 161 N. E., 32, 34: “The act of March, 1925, comprising Sections 1465-74 and 1465-75, General Code, embodied in its scheme of compensation both payment of premiums and compensation for in *332 juries suffered‘after January 1, 1923.’ * * * They show a legislative purpose to protect, after January 1, 1923, the employee of an employer employing five or more workmen, where the employer had not complied with the Workmen’s Compensation Lawi.” And, again, in the same per curiam, page 343 of 118 Ohio State, 161 N. E., 32, 34: “It is evident that the manifest intention of the General Assembly w'as to provide that # * * after January 1, 1923, an employee who had suffered injuries should be compensated out of the surplus in the state insurance fund.”
It is clear, therefore, that under the former holding of this court the surplus fund is not available in behalf of an employee injured prior to the date last above named; but it is urged that, even if the right of recovery does not accrue to the injured employee, it subsists in the dependent of such injured workman where the death resulting from such injury occurred after January 1, 1923. While the creation of a surplus fund had been previously authorized by the Legislature, it was not until the later amendment of Sections 1465-74 and 1465-75, General Code, in March 1925 (111 Ohio Laws, 222), that the surplus fund was made amenable for the payment of uncollectible awards.
• Hanna’s injury occurred on October 5, 1922; the applicant became totally disabled and died as a result of his injury on March' 24, 1924. The dependent, as well as the injured employee, can recover an award from the surplus fund only if the Workmen’s Compensation Act gives them the right so to do. While ample statutory authority exists for the payment of awards out of the general fund, we *333 find none authorizing the payment out of the surplus fund of awards uncollectible from a noncomplying employer, except for injuries occurring after the date set forth in the first sentence of Section 1465-75, General Code.
It is clear that an employee, dying prior to January 1, 1923, could not recover from the surplus fund; and we are loath to hold that the fortuitous circumstance of his dying thereafter would enlarge the dependent’s right of recovery, or to hold that the dependent’s right to the surplus fund under such circumstances would be greater than that of an injured employee. If the surplus fund be not available to the employee injured prior to January 1, 1923 — if in such event he could not recover an award from the surplus fund made to cover a long period of total disability — it is difficult to perceive any legislative reason for permitting his dependent to recover from the surplus fund because the employee’s death adventitiously occurred after that date.
We are of the opinion that, under the provisions of Sections 1465-74 and 1465-75, General Code, the state surplus fund created under Section 1465-54, General Code, is not available to dependents of an employee whose death resulted from injuries suffered prior to January 1, 1923. The writ will be denied.

Writ denied.

Kinkade, Matthias, Day and Allen, JJ., concur.
Marshall/C. J., and Robinson, J., concur in judgment.