This is an action in mandamus instituted by the relator to secure a writ of mandamus compelling the Industrial Commission to consider and pass upon an application that the relator has made for an award covering damages sustained by him by reason of an occupational disease acquired in the course of his employment. The relator was an employe of an employer who was amenable to the Workmen's Compensation *Page 87 
Law, but who had not complied with any of the provisions of the law; that is to say, he had neither contributed to the fund nor had he acquired the right to pay his employes direct. Within four months from the time of the beginning of this disease, the relator made application to his employer for compensation to cover damages sustained by him arising out of this occupational disease, which incapacitated him from work. The employer did not compensate the relator.
Long after the expiration of four months, the relator filed an application for compensation with the Industrial Commission. This application was dismissed by the Industrial Commission for the reason that it had not been filed within the period of four months from the commencement of the occupational disease.
The Workmen's Compensation Law provides that an employe of an employer who contributes to the Workmen's Compensation Fund, or of an employer who has regularly secured permission to pay compensation to his employes direct, is entitled to an award in his favor if the application therefor be made either to such employer or to the Industrial Commission within four months from the time of the commencement of such occupational disease; and the law further provides that if such employe of such employer makes application for compensation to the employer direct, the employer shall thereupon forthwith report such application for compensation to the Industrial Commission, and the commission, upon such report, shall docket the application and proceed in due course to hear and determine the same. The law further provides that no application for an award covering damages arising from an *Page 88 
occupational disease shall be valid unless filed either with the employer or with the Industrial Commission within the four months specified.
The facts in this case are not in dispute. The employe did not file with the Industrial Commission any application for an award until long after the expiration of the time limited in the statute, four months. The application for compensation that he did file with his own employer was of no avail for the reason that the employer was not one of the class of employers named in the law to whom such application should be made, although the employe in this case might have brought an action direct against his employer for compensation to cover damages sustained by the occupational disease acquired.
The respondent demurs generally to the petition.
It is contended by counsel for the relator that notwithstanding the fact that the employer in this case had never complied with any provision of the Workmen's Compensation Law, still the employe of such employer should be permitted to prevent the statute of limitations of four months from running against his claim by simply applying to such employer for compensation. This argument might be valid and of much force if made to the legislature, but it is without force here.
The action taken by the Industrial Commission was fully justified on the grounds stated by the commission, that the claim was barred by the limitation of four months, as the law provides.
Demurrer to petition sustained.
MARSHALL, C.J., JONES, MATTHIAS, DAY and ALLEN, JJ., concur.
 ROBINSON, J., not participating. *Page 89