## STATE ex NAGY v INDUSTRIAL COMM

Ohio Appeals, 1st Dist, Hamilton Co

Decided November 30, 1931

Divers & Warm, Cincinnati, for plaintiff in error.

Gilbert Bettman, A. G., Columbus, and Raymond J. Kunkel, Cincinnati, for defendants in error,

ROSS, PJ.

The demurrer to the amended petition was based solely upon the ground that the court had no jurisdiction of the subject-matter of the action.

Taking the allegations of the amended petition as alleging an award, this claim would survive to the executrix. **Bozelli v Industrial Commission, 122 Oh St 201, 171 N. E. 108.**

The sole question therefore presented is: Has the court of common pleas jurisdiction to mandamus the Industrial Commission to execute an award theretofore made?

It is held in Bozelli v Industrial Commission, supra, paragraph 1 of the syllabus: "The rights of employees and dependents to recover compensation from and to participate in the state insurance fund rest, not upon the principles of the common law, but upon the grant of legislative authority, and are only such as may be conferred by the Workmen's Compensation Law."

· To the same effect is **Industrial Commission v Kamrath, 118 Oh St 1, 160 N. E. 470.**

In the case of **Industrial Commission v Monroe, 111 Oh St 812,** page 813, 146 N. E. 213, it is stated in the opinion: "The Legislature by the state Constitution is given the right to enact laws relative to the compensation fund; the right of appeal is a statutory right and by legislative action this right may be given or denied."

And, again, in the cases of **Industrial Commission v Phillips, Industrial Commission v Hughes, Stricker v Industrial Commission,** and **Industrial Commission v Hibbs, 114 Oh St 607,** at pages 623 and 624, 151 N. E. 769, 774, it is stated: "Upon consideration of said applications, the court has reached the conclusion that there is no authority of law for the Industrial Commission to pay interest on deferred payments of awards made by it. The Industrial Commission is a part of the executive department of the state government and its powers are limited by constitutional and satutory enactment. Until the Legislature has seen fit to make provision for the allowance of interest, we are of opinion that no such right exists."

On the other hand, the Supreme Court has issued the writ of mandamus against the Industrial Commission where an award has been made.

In the case of **State ex rel Croy v Industrial Commission, 122 Oh St 65,** at pages 72 and 73 of the opinion, 170 N. E. 644, 646, the court say:

"We are of the opinion therefore that mandamus will not lie to compel the commission to pay the award out of the surplus fund, unless (a) the Attorney General has certified that such award cannot be collected in whole, or (b) more than two years have elapsed and no certification has been made to the commission during that period as required by law.

"In the following cases this court awarded the writ where two years or more had elapsed since the date of the award; **State ex rel Davis v Industrial Commission, 118 Oh St 340,** 161 N. E. 32; **State ex rel Thompson v Industrial Commission (121 Oh St 17,** 166 N. E. 806), supra.

"Since the first award of the commission was made on September 15, 1926, more than two years prior to the bringing of this action, a writ of mandamus will be issued compelling the commission to pay the amount of that award. However, since we are unable to determine from the petition its exact amount, if counsel can agree the amount may be incorporated in the journal entry. Since two years have not elapsed from the date of the second, or additional award, this action to compel its payment is prematurely brought, and a writ compelling the commission to pay the amount of that award at the present time will be denied."

That it is not necessary that the award should be in a definite sum is indicated in this case.

Again in the case of **Industrial Commission v State ex rel Nagy, 116 Oh St 735, 158 N. E. 89,** the Supreme Court modified and affirmed a judgment of the Court of Appeals of Franklin County. In that case, the court say: "However, the writ issued should not have commanded that 'defendant immediately on service of this order proceed to take final action upon the application,'

etc., and this court coming now to enter the order which the Court of Appeals should have made, it is ordered that the Industrial Commission, in the exercise of its jurisdiction under the statute, proceed with the hearing and determination of the relator's claim for permanent disability."

In State ex rel Deal v Industrial Commission, 120 Oh St 269, 166 N. E. 198, while the writ was denied, it was for other reasons than that the Supreme Court had no jurisdiction.

The same is true in State ex rel Polaski v Industrial Commission, 123 Oh St 86, 174 N. E. 11.

In cases where the Supreme Court has entertained the proceeding in mandamus as an original case, the basis for such consideration cannot be found in §§871-38 or 871-40 GC, for these sections have been definitely held to refer to the so-called "Safety Code," and not to awards under the Workmen's Compensation Act. Bowes v Industrial Commission, 123 Oh St 155, 158, 159, 174 N. E. 357.

A writ was granted by the Supreme Court in the case of State ex rel Thompson v Industrial Commission, 121 Oh St 17, 166 N. E. 806.

In State ex rel Davis v Industrial Commission, 118 Oh St 340, at page 344, 161 N. E. 32, 34, the court say: "As it is admitted by the pleadings that the judgment secured on behalf of the relator was rendered at the September term, 1925, and since about two years have elapsed without payment to the relator of the compensation secured by that judgment, it is our opinion that a writ should issue in favor of the relator for the payment of the award out of the surplus fund. The writ is allowed."

In State ex rel Williams v Industrial Commission, 116 Oh St 45, at page 52 of the opinion, 156 N. E. 101, 103, it is stated: "The pole star of our constitutional provisions relating to workmen's compensation is the welfare of its workmen."

In State ex rel Davis v Industrial Commission, supra, at page 342 of 118 Oh St, 161 N. E. 32, 33, it is stated: "It may, however, be briefly noted that our Workmen's Compensation Law constitutes one composite scheme, having in contemplation the payment of compensation to all employees of employers employing five or more workmen, whether such employer has or has not complied with the Workmen's Compensation Law of the state."

In the case of State ex rel Kauffman v Industrial Commission, 121 Oh St 472, at page 474 of the opinion, 169 N. E. 572, the court say: "Actions in mandamus in this state are governed by §12283 GC, and un-

der the terms of that statute can only command the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station."

One further instance of action by the Supreme Court upon an application for a writ of mandamus is helpful. In the case of State ex rel Shelton v Industrial Commission, 121 Oh St 41, 166 N. E. 893, the syllabus is: "At a rehearing under §1465-90 GC, evidence taken upon oath, in the form of depositions before the Industrial Commission of Ohio or one of its referees, and filed in the case with the commission, may be offered in evidence, by letter, by either the claimant or the state, and it thereupon becomes the mandatory duty of the commission to pass upon its admissibility."

It is apparent from the foregoing that the Compensation Act must be looked to for the sustenance of all rights in the insurance fund, and for the procedure to be followed by one seeking participation in the fund.

It is also manifest, however, that while the jurisdiction of the Court of Appeals and the Supreme Court to entertain writs of mandamus has not been specifically raised by the demurrer, based upon the subject-matter of the action, those courts have entertained such jurisdiction in mandamus where the courts had jurisdiction of the persons of the commission and nothing remained for the commission to do but perform a purely mandatory duty.

No specific jurisdiction has been conferred upon the Supreme Court or the Court of Appeals in the act to issue writs of mandamus against the commission in cases involving awards under the Workmen's Compensation Act. As has been before noted, the right to issue writs given by §§871-38 and 871-40, applies only to the "Safety Act."

In the instant case, giving the amended petition its most favorable construction, in face of the demurrer nothing remains for the commission but to prepare a purely mathematical calculation and draw its warrant upon the treasurer of the fund.

Under such circumstances, the writ should issue, properly limited.

In the instant case jurisdiction of the persons of the commission was gained by the filing of the demurrer to the amended petition, thus entering their appearance in the proceeding. Adams v Hollow Rock Mining & Transportation Co., 108 Oh St 358, 140 N. E. 624. It does not appear how it could otherwise have been obtained by the court of common pleas. Under such circumstances, the court of common pleas, having been given general jurisdiction in

mandamus by §12283 **GC**, stands in the same position and with equal authority under the statute as do those courts in which writs have been granted. A proper case for a writ having been alleged, the demurrer should have been overruled. The case will be remanded to the court of common pleas, with instructions to overrule the demurrer.

Cause remanded, with instructions to overrule the demurrer.

HAMILTON and CUSHING, JJ, concur.