The relator, Ray Gannon, on January 8, 1932, sustained an injury, resulting in the loss of his right eye ball, while in the employ of The Consolidated Iron Steel Manufacturing Company, a self-insuring employer, which had furnished a surety bond in accordance with Section 1465-69, General Code. On March 23, 1932, the Industrial Commission approved an agreement between the employer and the relator for payment of compensation for such injuries, and on March 28,1932, an involuntary petition in bankruptcy was filed against the employer. On August 10, 1933, the relator filed an application for additional award for the violation of specific requirement W of the Code of Specific Requirements, governing polishing and grinding machines, as promulgated in Bulletin No. 208 of the Division of Factory and Building Inspection, of the Department of Industrial Relations, requiring either fixed glass shields or goggles to be furnished operators on grinding wheels. Following a hearing by the commission on the application for an additional award, the commission, on May 12, 1934, found from the proof on file that the employer was in bankruptcy under the jurisdiction of the United States District Court, and therefore the commission did not have
 
 *195
 
 authority or jurisdiction in law to make an additional award in the claim.
 

 The relator instituted mandamus in this court, praying that a peremptory writ issue compelling the Industrial Commission to assume jurisdiction of his application for an additional award for violation of a specific requirement by his employer, and to make a final ruling on the merits of said application.
 

 On consideration whereof it is ordered and adjudged that the demurrer to the petition be, and the same hereby is, overruled, and a peremptory writ of mandamus issue as prayed for in the petition, for the reason that the insolvency of an employer does not deprive the Industrial Commission of power and authority to determine the right of an employee to an award.
 
 (State, ex rel. Rudd,
 
 v.
 
 Industrial Commission,
 
 116 Ohio St., 67;
 
 State, ex rel. Davis,
 
 v.
 
 Industrial Commission,
 
 118 Ohio St., 340.)
 

 Demurrer to petition overruled and writ allowed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.