Jones, J.
 

 The Court of Appeals dismissed the action for the reason that under its construction of Sec
 
 *167
 
 tion 871-40, General Code, the Supreme Court and no other could issue writs of mandamus reviewing, annulling or otherwise interfering with orders made by the Industrial Commission in compensation cases. Its opinion recited the fact that it had considered this question previously in three unreported cases wherein it had held that the Court of Appeals had no jurisdiction in mandamus to review such orders. It bases its decision, in part, upon the provisions of Article I, Section 16 of the Ohio Constitution, which reads: “Suits may be brought against the state, in such courts and in such manner, as may be provided by law.” In the instant case, counsel for the Industrial Commission contend that this mandamus action is in fact a suit against the state.
 

 A suit against the state is quite different from one against state officers seeking to enforce a plaintiff’s constitutional or statutory rights. A suit against members of the State Industrial Commission, seeking to compel them to perform a statutory duty, is not a suit against the state.
 
 Rolston
 
 v.
 
 Missouri Fund Commissioners,
 
 120 U. S., 390, 7 S. Ct., 599, 30 L. Ed., 721;
 
 Work, Secy, of Interior,
 
 v.
 
 United States, ex rel. McAlester-Edwards Co.,
 
 262 U. S., 200, 43 S. Ct., 580, 67 L. Ed., 949; 25 Ruling Case Law, 414, Section 50; 59 Corpus Juris, 312, Section 466. While this precise question has not been decided by the Ohio Supreme Court in any reported case, this court has had before it many cases in mandamus wherein rehearings have been sought and either allowed or denied by this court. Furthermore, it may be truly said that this is in no sense an action against the state, since the final recovery, should there be any, will not involve state funds but must be satisfied from funds contributed by employers.
 

 The chief legal question presented arises from the construction of Section 871-40, General Code (103 Ohio Laws, 108), which reads as follows: “No court of this
 
 *168
 
 state except the supreme court to the extent specified by this act, shall have jurisdiction to review, vacate, set aside, reverse, revise, correct, amend or annul any order of the industrial commission of Ohio, or to suspend or delay the execution or operation thereof or to enjoin, restrain or interfere with the commission in the performance of its official duties, provided that the writ of mandamus shall lie from the said supreme court to the commission in all proper cases.”
 

 In the instant case the Franklin County Court of Appeals held that the above quoted section denied it jurisdiction in mandamus to review or otherwise interfere with orders made by the commission in compensation cases. In
 
 State, ex rel. Nagy, Exrx.,
 
 v.
 
 Industrial Commission, 41
 
 Ohio App., 549, 180 N. E., 204, decided by the Hamilton County Court of Appeals, that court held otherwise, and in this respect the decisions of those two courts are in conflict. Section 6, Article IV of the Ohio Constitution, confers upon Courts of Appeals original jurisdiction in mandamus, in language as broad as that conferring it upon the Supreme Court. It is obvious, therefore, that such courts have plenary jurisdiction, co-extensive with the Supreme Court, unless otherwise limited by the Constitution. If there be such limitation, therefore, it can be found only in that provision of Section 2, Article IV, which confers upon the Supreme Court “such revisory jurisdiction of the proceedings of administrative officers as may be conferred by law.”
 

 The basis of respondents ’ argument seems to be that the Legislature, pursuant to this last quoted provision, has conferred exclusive revisory jurisdiction upon the Supreme Court by the enactment of Section 871-40, General Code. We are unable to arrive at that construction. Section 871-40, General Code, is part of an act entirely separate and distinct from that governing procedure relating to awards in compensation cases. Were we to give the strict construction claimed by the
 
 *169
 
 respondents, it would lead to the conclusion that no court but the Supreme Court could review any order of the Industrial Commission, thus endangering the right of appeal given to claimants upon denial of compensation. That this is not the legislative intent is shown by limiting the Supreme Court jurisdiction “to the extent specified by this act.” This obviously refers to the extent specified in the act comprising the Safety Code and not to the act relating to workmen’s compensation. However, this is not an open question in this state. Sections 871-38 and 871-40, General Code, were adopted at the same time, were comprised in the same act, both related to procedure for review, and obviously should be construed together. Since the former section has been definitely decided by this court to refer only to orders made under the Safety Code, its related Section 871-40, being part of the same act, likewise must be referable to orders made by the commission under the Safety Code and not to such as are made under the Workmen’s Compensation Law.
 
 Bowes
 
 v.
 
 Industrial Commission,
 
 123 Ohio St., 155, 174 N. E., 357;
 
 Gatton
 
 v.
 
 Industrial Commission,
 
 93 Ohio St., 203, 112 N. E., 503;
 
 Pittsburg Coal Co.
 
 v.
 
 Industrial Commission,
 
 108 Ohio St., 185, 140 N, E., 684;
 
 Slatmeyer
 
 v.
 
 Industrial Commission,
 
 115 Ohio St., 654, 155 N. E., 484.
 

 We therefore hold that the provisions of Section 871-40, General Code, stipulating in substance that no court of this state, except the Supreme Court to the extent specified in that act, shall have jurisdiction to review or otherwise interfere with orders of the Industrial Commission, apply, not to orders made in cases arising under the Workmen’s Compensation Law, but to orders made by the Industrial Commission under Sections 871-1 to 871-45, General Code, comprising the act known as the Safety Code; and that mandamus, lies to the Court of Appeals to compel the In
 
 *170
 
 dustrial Commission to grant rehearings in cases arising under the Workmen’s Compensation Law.
 

 We have confined ourselves strictly to the question whether the Court of Appeals had jurisdiction in mandamus to grant a rehearing in Workmen’s Compensation cases. Whether the petition stated a cause of action or not, or whether the relator is entitled to relief by mandamus or otherwise, we do not decide. The judgment of the Court of Appeals will be reversed and the cause remanded to that court with instructions to assume jurisdiction and for further proceedings according to law.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Williams, Matthias, Day and Zimmerman, JJ., concur.