STATE, ex rel. HATFIELD, Relator, v. INDUSTRIAL COMMISSION et, Respondents.

Ohio Appeals, Tenth District, Franklin County.

No. 6147. Decided February 23, 1960.

Keith McNamara, for relator.

Bricker, Evatt, Barton, Eckler & Niehoff, for respondent, Westinghouse Electric Corporation.

Mark McElroy, Atty. Genl., William G. Carpenter, Mary S. Durham, Asst. Attys. Genl., for other respondents.

(SKEEL, J, of the Eighth District, DOYLE, PJ, of the Ninth District, sitting in place of Judges MILLER and DUFFY.)

## OPINION

By SKEEL, J.:

This is an action in mandamus invoking the original jurisdiction of the court. The relator's petition sets out by name the members of the Industrial Commission and also those alleged to constitute the Columbus Regional Board of Review and further says that James L. Young is the Administrator of the Bureau, all of whom are charged with administering the Workmen's Compensation Law of Ohio.

It is further alleged that the Westinghouse Electric Corporation at its Columbus, Ohio Plant (authorized to do business in Ohio) is amenable to the Workmen's Compensation Act of Ohio and has complied therewith.

The relator alleges that while working as an employee of Westinghouse and acting in the course of her employment, she, on March 12, 1957, sustained an accidental injury when "she slipped and fell aggravating a pre-existing back condition and affecting her nerves, resulting in her total disability." On or about March 18, 1957, she filed an application with the Administrator of the Bureau of Workmen's Compensation for the purpose of determining the amount to be paid her in accordance with Section 27 of the Rules of the Bureau in administering the Workmen's Compensation Act. On February 19, 1958, the Administrator made the following order:

"It is ordered that the claim be disallowed for the reason that proof of record fails to show the claimant's back disability and psycho neurosis are the result of an injury sustained in the course of and arising out of employment on March 12, 1957."

An appeal was taken to the Columbus Regional Board of Review on February 26, 1958, and on July 21, 1958, after hearing, one member dissenting, the Board reversed the order of the Administrator and held that an accidental injury was sustained by claimant on March 12, 1957,

that is, that she either injured her back or aggravated a pre-existing back injury. The Board further found that the claimant suffered a "nervous condition" and after stating the contradictory character of the evidence of two doctors, the order further says: "The claim is allowed. The claimant's back condition and nervousness are either due to, the result of, or were aggravated by the injury in this claim. The claimant is entitled to compensation for the time lost while being treated for her nervous condition. Proof on file at this time does not show that the claimant has suffered a period of compensable loss of time due to the back injury."

On August 11, 1958, the claimant filed an application for the determination of the percentage of permanent partial disability and modification of award. This application was never acted on as the order of the Regional Board of Review was appealed to the Commission on August 14, 1958, by the Westinghouse Electric Corporation. The Commission affirmed the Columbus Regional Board of Review on September 9, 1958, which order was appealed by the employer to the Court of Common Pleas after a motion for further consideration was overruled on September 30, 1958.

The petition of the relator seeks a writ directing the Administrator, the Regional Board of Review, and the Industrial Commission to determine the amount of compensation payable under the allowance of relator's claim by the Regional Board of Review and to make payment thereof to the relator pending the final determination of the appeal of relator's employer to the Court of Common Pleas as provided by §4123.-519 R. C., which, in part, provides:

"An appeal from a decision of the Commission in which an award of compensation has been made shall not stay the payment of compensation under such award during the pendency of the appeal."

It is then alleged that the claimant has no adequate remedy at law to obtain the benefits of the award made in her favor. The prayer of the petition seeks a writ directing the Commission, the Administrator or the Regional Board of Review to complete the order of July 21, 1958, by determining what compensation is due her under the order and to make payment thereof.

The answer admits the record as pleaded by the relator and the order of July 21, 1958, and that no compensation was determined or paid by the Commission to the claimant. It is alleged, therefore, that there is no amount due the relator. It is also alleged that the relator claimant has not complied with Rule 27 of the Bureau (which is set out in full in the answer) in not having made application for payment of compensation which she seeks nor has she called attention to her claim by motion. It is also claimed that it has not been apprised of the medical and hospital bills but avers all or part of such bills relate to services which respondent has not offered to furnish and which it may not be required to pay pursuant to §4123.151 R. C. It also alleges it has not been ordered to pay compensation or hospital and doctor bills and is, therefore, under no duty to do so. That no award having been made, there exists no award for "payment of compensation under which has been or is being stayed within the meaning of the provision of §4123.519 R. C."

It is further alleged that the respondents' appeal to the Court of Common Pleas, which has been perfected, deprives the Bureau of Workmen's Compensation of further jurisdiction in the case to award compensation until the appeal is concluded and further that the right which the relator seeks to enforce by mandamus is a private or personal right which cannot be enforced in this proceeding.

The answer of the Bureau and its Administrator, after challenging the insufficiency of the allegations of relator's petition (saying it does not state a cause of action) says that they admit all of the entries and orders entered upon the record of relator's claim filed March 18, 1957, and as pleaded in her petition, and that she did sustain an accidental injury in the course of and arising out of her employment with Westinghouse on March 12, 1957. The appeal of the order entered on September 30th, as filed on October 6, 1958, by Westinghouse, is then averred (which fact is not in controversy). These respondents then deny that the relator has a clear right to compensation pending appeal under the provisions of §4123.519 R. C., because there has been no award. They also aver that she has not complied with all requirements to entitle her to payment of medical and hospital bills and that she has not exhausted her administrative remedies by her failure to comply with the rules of the Commission. It is also alleged that the application of the relator, filed August 11, 1958, for the determination of the percentage of permanent partial disability and modification of award, can only be considered·if the relator's right to participate in the benefits of the Workmen's Compensation Act is established and that after the Westinghouse appeal, filed October 6, 1958, the Commission has no jurisdiction to consider such application and that because of the appeal, the Commission is now without jurisdiction in the case until her right to participate in the benefits of the Workmen's Compensation Law has been determined on appeal.

The answer of the members of the Columbus Regional Board of Review, after admitting their appointment as alleged by the relator, then alleges that upon appeal from an order of the administrator disallowing the relator's claim, they entered the order as alleged in the relator's petition, that said order was appealed to the Industrial Commission by the respondent, Westinghouse Electric Corporation, and that it (the Board) has no knowledge of any subsequent events alleged in relator's petition.

From the issues as thus presented, the case came on for trial before this court by stipulation, bringing. upon the record the complete record of relator's application filed with the Commission and the several hearings and orders upon trial of such claim and the appeals as certified to the Attorney General by the Commission, the arguments and briefs of counsel.

The primary issue for determination is whether after the Columbus Board of Review had determined (upon the appeal of the relator) that "The claim is allowed," the respondents may be directed by mandamus to complete the order allowing the relator's claim by fixing the compensation to be paid on the award and directing its payment, pending

appeal of the relator's right to participate in the Workmen's Compensation Act, as provided by §4123.518 R. C., and §4123.519 R. C.

The sections of the Revised Code which will be helpful in considering the issue as thus defined are the following:

The filing of a claim with the Bureau is provided for by §4123.511 R. C.

Sec. 4123.513 R. C., provides:

"If the administrator of the bureau of workmen's compensation determines that a claimant is entitled to an award of compensation he shall notify the employer of such claimant in writing of such determination. Payment on such award shall begin on the day of the receipt of the employer's statement that the claim is valid or on the tenth day after the day of mailing of notice to the employer by the administrator of his determination that the claimant is entitled to an award, whichever day is the earlier.

"Claims for payment of only medical, surgical, nursing and hospital services and medicine shall not be paid until the day of the receipt of the employer's written statement supporting the claim or the tenth day after the day of mailing to the employer a notice of the payment which is proposed to be made, whichever day is the earlier."

Sec. 4123.515 R. C., provides that before making an award in a disputed claim, a hearing must be afforded all parties. It is also provided that after the decision of the administrator and notice thereof, either the employee or employer may, within ten days, ask reconsideration and that a party not satisfied with the decision of the administrator on hearing or reconsideration, if requested and granted, an appeal may be taken to the Regional Board of Review. Payment of a claim awarded by the administrator shall begin ten days from the decision when no reconsideration is asked or in the event reconsideration is asked, payment of the ward shall begin at once, either upon denial of reconsideration or granting an award on reconsideration.

"Appeal from a decision of the administrator in which an award has been made shall not stay the payment of compensation payable under such award for the weeks after the date on which the claim was filed. * * *"

Sec. 4123.516 R. C., provides for an appeal to the Regional Board of Review from the decision of the administrator. The Board's decision is the decision of the Commission.

Sec. 4123.518 R. C., provides for hearing on appeal and then provides:

"The board or commission, as the case may be, shall state concisely its decision and any award and shall date and forthwith mail copies thereof to the claimant and employer at their respective addresses."

Sec. 4123.519 R. C., is the section providing for appeal to the Court of Common Pleas from a decision of the Commission or decision imputed to it, which in part provides that after hearing on appeal and judgment by the court—

"The court shall certify its decision to the commission and such certificate shall be entered in the records of the court and appeal from

such judgment shall be governed by the law applicable to the appeal of civil actions.

"If the finding of the court or the verdict of the jury is in favor of the claimant's right to participate in the fund, the commission and the administrator shall thereafter proceed in the matter of the claim as if such judgment were the decision of the Commission. * * *"

"An appeal from a decision of the commission in which an award of compensation has been made shall not stay the payment of compensation under such award during the pendency of the appeal."

Citation of authorities is unnecessary to support the statement that the Industrial Commission, through its administrator or other reviewing agencies, has the sole power to fix the award to be paid a claimant after the right to participate in the insurance fund has been determined by such administrator or the regional board of review or the commission or the court. In this case the Regional Board of Review found and recorded its finding that: "The claim is allowed * * *. The claimant is entitled to compensation for the time lost while being treated for her nervous condition * * *." The sections of the Act, quoted and described above, make no mention of the phrase—"The claim is allowed."

In the case of **State, ex rel. Moore v. Ind. Comm., 141 Oh St 241,** 47 N. E. 2d 767, the question of the duty of the Commission to act on a certificate of judgment of the Court of Common Pleas on appeal, holding that claimant was entitled to participate in the fund, filed with the Commission after judgment where the Commission refused to follow the judgment was considered. The action was in mandamus. The court held in paragraph four of the syllabus:

"4. Where a Court of Common Pleas finds and certifies to the Industrial Commission of Ohio that a claimant has the right to participate in the state insurance fund, the commission is bound to award some compensation or benefit."

The fact that the finding of the right to participate in the fund by the court is no different than a finding by the Regional Board of Appeals that such right is "allowed."

The meaning to be given to such order is, therefore, that when an award is made under the provisions of the Workmen's Compensation Act, the amount to be paid being within the sole jurisdiction of the Bureau, which under the law, is to be immediately determined and paid or to order such amount paid by a self-insurer.

There is no provision for postponing payment once an award is made for lost wages by the administrator or by a reviewing agency on appeal. The regional board of review or the commission granting an award has the same effect as an award by the administrator. Upon the undisputed record in this case, it is clear that the Commission failed to perform a duty directly imposed upon it by law to act on the finding of the Regional Board of Review that the claimant was entitled to participate in the insurance fund and mandamus is a proper remedy to secure the performance of that legal duty.

The Court of Appeals in the case of **State, ex rel. Nagy, Exrx. v. Ind. Comm., 41 Oh Ap 549,** 180 N. E. 204, in the fourth paragraph of the syllabus, said:

"4. Mandamus should issue to compel Industrial Commission to execute workman's compensation award, where it has only to prepare purely mathematical calculation and draw warrant on treasurer of insurance fund."

The claim that the pending appeal in the Court of Common Pleas on the issue of the right of the claimant to participate in the insurance fund on her application filed March 16, 1957, as found by the Regional Board of Review, and affirmed by the Commission, takes the entire case out of the jurisdiction of the Commission, whereby they are "powerless to act" to determine the amount of the award to be paid in carrying out the award while such appeal is pending is without substance. The only jurisdiction the Court of Common Pleas has on the appeal is to determine the right of the claimant to participate in the fund administered by the Industrial Commission. Payment of an award pending appeal is directed by law and the determination of the amount of the award is within the exclusive jurisdiction of the Commission. The cases that hold that an appeal from the order of an administrative agency stays the power of the agency to proceed further until the issues on appeal have been resolved have arisen when the issue on appeal deals with the same issues upon which the agency attempts to act pending appeal. These cases are to be distinguished from cases like the instant case where the conduct of the agency in continuing to act in the proceeding is in furtherance of its duties under the law with respect to matters which are independent and distinct from the issues on appeal and come within the agency's exclusive jurisdiction.

This rule is supported by the case of **In re Kurtzhalz, 141 Oh St 432,** 48 N. E. 2d 657. The action was one seeking a writ of habeas corpus from a judgment of contempt for failure to pay a continuing alimony order. In the divorce case some controversy was had about a motion to strike certain matter from the defendant's cross-petition. The motion to strike was overruled. The plaintiff filed notice of appeal. (The order appealed from was clearly not a final order but the question was not raised and the Supreme Court, therefore, did not decide the question. See page 434.) The plaintiff thereafter asked for leave to dismiss the appeal which was granted by the Court of Common Pleas but in the meantime the defendant filed the transcript and had the case docketed in the Court of Appeals. The defendant then defaulted on alimony payments and was upon motion found guilty of contempt and sentenced to jail. The contention of the defendant, in seeking release by a writ of habeas corpus, was that after the case was docketed in the Court of Appeals, the Court of Common Pleas lost all jurisdiction in the case. The court held:

"1. An appeal on questions of law brings before the appellate court only the final order, judgment or decree sought to be reviewed.

"2. As to the remainder of the cause, the lower court retains all jurisdiction not inconsistent with that of the appellate court to review, affirm, modify or reverse the final order, judgment or decree from which the appeal has been perfected."

And on page 435 of the opinion, the court quotes from 2 O. Jur. 376, Section 319, as follows:

121

"While an appeal under the system which prevails in Ohio removes the cause and gives exclusive jurisdiction to the appellate court a petition in error does not bring the whole case before the reviewing court, but only the order or judgment which is complained of, and leaves in the court below all jurisdiction in the cause not inconsistent with the power to reverse, vacate or modify the final order or judgment in which error is alleged. The filing of a petition in error and the execution of an undertaking for stay of execution do not discharge interlocutory orders made for the preservation of property or the protection of the interests of parties, during the pendency of the litigation, and the jurisdiction to make such orders during the pendency of the proceedings in error remains in the court below."

And in the case of State, ex rel. Crabb, v. Olinger, 82 P. 2d 865, 196 Wash. 308, the claimant received injury in the course of his employment for Washington Pulp & Paper Co. and an order was entered by the supervisor of Industrial Insurance that the claim be closed and ordered compensation of $1275 for time lost and permanent partial disability compensation of $960. The employer appealed and the department refused to pay the award because of the appeal. The statute (Rem. Rev. Stat. 7697) prevented a stay on appeal to the courts. The Supreme Court held in the headnotes:

"3. Under provision in Workmen's Compensation Act that 'an appeal shall not be a stay,' an employee could by mandamus compel supervisor of industrial insurance to pay an award for workmen's compensation pending determination of employer's appeal to superior court from an order of the joint board of the Department of Labor and Industries allowing compensation, in absence of a bond superseding such order.

"12. Under provision in Workmen's Compensation Act that 'an appeal shall not be a stay,' compensation awarded by the joint board of the Department of Labor and Industries should be paid without regard to the question whether the appeal of the employer from the order of the joint board awarding the compensation may be successful.

"14. Where employee was awarded compensation and employer appealed from order making the award, mandamus was the only plain, speedy and adequate remedy to compel immediate payment of that which had been awarded to the employee, and employee's remedy by appeal, if employee had such a remedy, would not constitute a bar to relief by mandamus."

Because of the entry of the Regional Board of Review, affirmed by the Commission that "The claim is allowed * * *. * * * The claimant is entitled to compensation for time lost while being treated for her nervous condition. * * *," there is presented the question of whether or not a final appealable order was entered by the Commission. The order from which an employer or employee may appeal is a decision. A decision has to do with either the granting or denying an award. Since an award was neither made nor denied in this case, the finality of the order made is in considerable doubt.

The case of **Ind. Comm. v. Hogle, 108 Oh St 363, 140 N. E. 612**, was decided at a time when the employee was the only one in an Industrial

Commission case who could appeal an adverse decision. The Commission had authorized payment to the doctors, but had not made a finding of the claimant's right to participate in the insurance fund and did not order the amount of his participation nor was a ground for refusing set out. The statute then provided that when the Commission denied a claim, it was required to state one of the reasons for such refusal. The court held in the syllabus:

"1. The court of common pleas is without jurisdiction to entertain an appeal from the Industrial Commission pursuant to the terms of §1465-90 GC, until the Commission has taken final action in the premises denying the claimant the right to participate at all or to continue to participate in the state insurance fund, on the ground: First that the injury was purposely self-inflicted, or, second, that the injury was not sustained in the course of employment, or third, upon any other ground going to the basis of the claimant's right.

"2. The Industrial Commission speaks by its record, and such final action, to be the basis of an appeal, must affirmatively appear upon the record of the proceedings of the Commission."

While the appellant in the instant case is the employer, yet his right to appeal must be based on a decision granting the employee's award and as yet there is no award set out which would require employer to pay, so the principle of the Hogle case might be applicable here. However, we are not required to decide this question in this action, such claim not having been presented.

For the foregoing reasons, the writ is allowed as prayed for.

BRYANT, PJ, DOYLE, PJ, concur.