STATE ex THOMPSON v INDUST COMM

Ohio Supreme Court

No 21604. Decided May 29, 1929

Syllabus by JONES, J.

On October 14, 1924, Thompson, an employee in the service of an employer employing five or more workmen, but who had not complied with the workmen's compensation law, was injured. Upon his application for compensation the Industrial Commission found all the jurisdictional facts in applicant's favor, including the fact that the employee was in the service of an employer employing five or more workmen and at the same time found that Bonney was his employer; and on March 31, 1925, the commission made an award of compensation to Thompson. Being notified of the commission's finding, Bonney applied to the commission for a re-hearing and contested the award upon the ground that one Bergman, and not he, was Thompson's employer. That issue was found by the commission against Bonney, his application for re-hearing denied and the award certified to the attorney general for collection. The attorney general instituted suit in the name of the state against Bonney for the amount of the award. Bonney contested the suit before a court and jury and secured a favorable verdict, presumably upon the issue that he was not Thompson's employer. **Held:**

**EMPLOYER & EMPLOYE**

(250 W3) The verdict and judgment in the state's suit was not an adjudication against Thompson, the injured employe, who was not a party thereto, had no control over it and who had no opportunity of showing that Bonney and not Bergman was, in fact, his employer.

Section **1465-74 GC**, then in force, provided that **"any"** injured employe, whose employer had failed to comply with the workmen's compensation law, could file his application for compensation and secure an award from the commission, and that the commission must award compensation "in like manner as in other cases" where the employer had complied therewith. If Thompson's employer employed five or more persons, he was entitled to compensation under that section, whether employed by Bergman or Bonney. The duty of acertaining who was the employer rests upon the state; if the state fails to collect premiums from or fails to fix liability upon the real employer, such failure does not deprive the injured employe from obtaining his award from the surplus fund created by **1465-54, GC.**

Matthias, Day and Allen, JJ, concur.

---

DIXON v VAN SWERINGEN CO

Ohio Supreme Court

No 21462. Decided May 29, 1929

Syllabus by DAY, J.

**REAL ESTATE**

(510 B3f) Where an owner of land has adopted a general building scheme or plan for the development of a tract of property, designed to make it more attractive for residential purposes by reason of certain restrictive agreements. to be imposed upon each of the separate lots sold, embodying the same in each deed, such agreements will generally be upheld, provided the same are not against public policy.

In order that restrictive agreements in a deed may be declared void as against public policy, the same must violate some statute, or be contrary to judicial decision, or against public health, morals, safety or welfare, or in some form be injurious to the public good.

Marshall, CJ., Kinkade, Robinson, Jones and Matthias, JJ, concur.