By the Court.
The chief legal questions presented in this controversy were decided by this court upon demurrer to the relator’s petition in State, ex rel. Thompson, v. Industrial Commission, 121 Ohio St., 17, 166 N. E., 806, 808, where the demurrer to the petition was overruled. Since that time, the respondent has filed its amended answer and the relator his reply thereto. These pleadings consist chiefly of the history of the case, as heretofore reported, with the exception of new allegations to which we shall hereafter allude.
An inspection of the briefs of counsel discloses that their arguments are based largely upon the correctness of the former decision of this court in its ruling upon the demurrer.
Stipulations of fact have been filed in this court, which not only show the former history of this case, but include the testimony of Bonney and others, taken before the claims referee and submitted to the commission upon its hearing and determination whether Bergman or Bonney was the employer of the relator. It is agreed in the stipulations that Bergman was the owner of a dwelling house that was being constructed on his property, and that at the time of the injury there were employed eight workmen in addition to Bonney; and there is no dispute in this record that Thompson was employed either by Bergman or Bonney when he was injured. Taking the testimony of Bonney before the referee, which was submitted to the commission at the time of its award, and which is contained in the stipulations filed in this case, it would seem that, from his own testimony, he himself was the employer of Thompson. In the proceedings before the commis *340 sion Bonney testified that fie had agreed to build the house for Bergman for the sum of $8,600; that he contracted for the supplies, prepared plans and specifications for the owner, and took bids upon the various contracts, which he submitted to the owner. He paid for the supplies, as well as the wages of the men, from the proceeds of checks given by the owner. Bonney testified also that he had the power to hire and discharge the men, although he states that Bergman, the owner, at one time discharged both the contractor and the men employed. We are therefore inclined to the opinion that, from his own and other testimony, Bonney appeared to be the real employer of Thompson, and that the commission’s finding, in that respect, was justified when it made the award.
In a later suit brought by the state to recover from Bonney, the latter secured a verdict in his favor. It appears that the papers and the transcript of the testimony that Bonney had given before the commission had been lost, and were not available at the trial in that case; and it may be that, in the absence of the transcript of Bonney’s testimony, the state had weakened its case against him.
When the case was heard before the common pleas court and a jury, Thompson was present, and was called upon to produce whatever evidence he had to prove that he was in the employ of Bonney. However, Thompson had no control over that suit; and could rely upon the law that gave him compensation, whether he was employed either by Bergman or Bonney, if his employer employed five or more workmen.
After the adverse verdict against the state, Thompson filed his amended application before the *341 commission, naming Bergman as his employer; hut he has not pressed that application, presumably for the reason that he relied upon his former award and upon the fact that the law afforded him compensation; whether he was employed by either Bergman or Bonney. In fact, this whole controversy has always turned upon the question which of the two was his employer. Since this record discloses that Thompson was an employee of an employer employing five or more workmen at the time of his injury, this court has definitely held that he was entitled to compensation, and that the proceedings for the recoupment of the insurance fund rest entirely upon the state. It was held in the Thompson case, supra: “If the state fails to collect premiums from, or fails to fix liability upon, the real employer, such failure does not deprive the injured employee from obtaining his award from the surplus fund created by Section 1465-54, General Code. ’ ’
The court therefore finds the controlling issues herein in favor of the relator, and a writ of mandamus will be allowed for the payment of the award out of such surplus fund.

Writ allowed.

Jones, Matthias, Day and Allen, JJ., concur.
Marshall, C. J., Kinkade and Robinson, JJ., dissent.