This is an original action in mandamus instituted in this court. The cause was heard upon the petition, the amended answer, and the reply thereto.
The petition alleges that on March 13, 1924, one Clarence Upperman was employed as laborer by one George A. Muth, who, at the time of Upperman's injury, was an employer of three or more workmen regularly in the same business. The employer had not complied with the Workmen's Compensation Law in respect to the payment of premiums, was not a subscriber to the state insurance fund, nor had he elected to pay compensation direct. The relatrix, who was the widow of the decedent, applied to the commission for compensation. On October 21, 1924, the commission found that the relatrix was a dependent widow, and found all the facts necessary for an award in favor of the dependent, including a finding that the employer had at the time of the injury employed three or more workmen regularly, but had not complied with the Workmen's Compensation Act. The commission awarded the relatrix the sum of $4,801.10, as compensation, and a further sum of $198.90 for medical expenses.
The petition alleges that on December 26, 1924, the award was certified to the Attorney General for collection, and that the Attorney General brought suit against the employer for the collection of the award, which suit resulted in a judgment in favor of the employer. Thereafter the Attorney General certified to the commission that he was unable to collect the amount of the award. The petition asks for a peremptory writ of mandamus commanding the *Page 511 
commission to pay the amount of compensation to which she was entitled out of the surplus fund.
The amended answer concedes all the material facts alleged in the petition. It also recites at length the state's endeavor, in the court of common pleas, to collect from the employer the amount of the award, and in great detail sets forth the issues therein made between the state and the employer; it recites that the cause was heard by the trial court without the intervention of a jury and that judgment was rendered in favor of the employer. A third defense attacks the constitutionality of Sections 1465-74 and 1465-75, General Code, as being in contravention of the Constitutions of the state and the federal government.
The legal questions arising from the conceded facts alleged in the pleadings have been fully discussed and determined by this court, notably in the cases of State, ex rel. Thompson, v.Industrial Commission, 121 Ohio St. 17, 166 N.E. 806, andState, ex rel. Croy, v. Industrial Commission, ante, 65,170 N.E. 644. And it is useless to discuss further either the constitutionality of the sections attacked or their construction.
It seems to be conceded by the pleadings and by counsel that upon the day of the employee's injury and death, to wit, March 13, 1924, the employer, Muth, secured from the relatrix a settlement and written release of all damages in consideration of the payment of her husband's funeral expenses. The reply alleges that, in her application to the commission for an award, the commission ignored the release. As to that feature, this case is controlled by State, ex rel. Trumbull Steel Co., v. Industrial Commission, *Page 512 106 Ohio St. 82, 138 N.E. 530. We see no distinction between that case and this; nor can we perceive any reason why the principle announced in the Steel Company case should not be applied to a noncomplying as well as to a complying employer. The fact is alleged, though vaguely so, that the sum of $198.90, awarded by the commission for medical expenses, was paid by Muth to the relatrix in March, 1924. If no issue be made upon that point, a writ of mandamus will be awarded to relatrix against the respondent, compelling the payment of $4,801.10; that being the amount of the commission's award to the widow as compensation for her husband's death.
Writ allowed.
JONES, MATTHIAS, DAY and ALLEN, JJ., concur.