## LANE CONSTRUCTION CO v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2111. Decided Oct 2, 1931

Thompson, Hine & Flory, Robert F. Maskey and C. W. Sellers, Cleveland, for plaintiff.

Gilbert H. Bettman, A. G. and R. R. Zurmehly, Asst. A. G., Columbus, for defendants.

ALLREAD, PJ.

The case is submitted upon the evidence taken in the Court of Common Pleas. The case has been fully argued in this court.

Several questions · have been made by counsel for the plaintiff in favor of the right of a court of chancery to grant relief. We approach this question upon the theory that a court of chancery has only jurisdiction to determine the validity of a judgment of the Industrial Commission upon questions of law, but has no such jurisdiction as to questions of evidence. **Stratmeyer vs Industrial Commission, 115 Oh St 654.**

With this authority in mind we proceed to the questions presented by the plaintiff. It is claimed that the Industrial Commission had no authority after its members

had disagreed, to again take up the case without actual notice to the plaintiff. Upon this proposition we are of opinion that the Industrial Commission is a continuous body and that a case once pending remains pending in that court until it is decided. The Industrial Commission therefore in 1930 had the right to take up the claims and determine as to their validity. The plaintiff claims that the Industrial Commission in making its order considered illegal evidence, to-wit, the reports of McMurchy and also the report of Professor Morris of the Engineering Department of Ohio State University. These reports it is claimed contained evidence which was incompetent in view of the manner of its introduction. It may be true that the report of McMurchy and of Morris contained incompetent evidence, but upon the re-hearing which was granted we are of opinion that the plaintiff had the right to call these witnesses for cross examination or otherwise test the right to receive this so-called secondary evidence. The application for re-hearing having been heard without exercising this right or objecting to the improper testimony, we reach the conclusion that there was no prejudicial error.

The next claim of the plaintiff in error is to the effect that there was no violation of a specific order of the Industrial Commission. This claim arises under Section 83 note 3 of the requirements of the Industrial Commission which provides that,

"Mason's pole scaffolds over seven feet wide or over 64 feet high shall .be built with a factor of safety of four and to conform to the general provisions for masons' scaffolds relative to guard rails, toe boards, side screens and overhead protection."

And Section 114 also provides:

"Scaffolds, used for construction purposes other than those particularly provided for in this code, shall be of material and construction to provide a factor of safety of four (4) and to generally conform to corresponding material and construction requirements of this Code."

It is claimed that neither of these sections is such a distinct provision as to come within the charge of "specific violation." Upon an examination of these sections we reach the conclusion that there is such a specific requirement providing for "a factor of safety of four (4)," and that a violation of the provisions of Section 114 is so specific as to justify the action of the Industrial Commission. **Sprinkler Co vs Fender, 108**

**Oh St 149**, especially Syllabus 2.

Whether the violation is sufficient to invoke the jurisdiction of the Industrial Commission was a matter of evidence which that Board had a right to determine. After reading the record taken before the Industrial Commission we reach the conclusion that there was some evidence to justify their decision. The photographs taken of the injured put-logs and the testimony showing the circumstances of the accident are sufficient to show some departure of the plaintiff from the requirements of Section 114, and inasmuch as the decisions of our Supreme Court hold that all questions of evidence must go to the Industrial Commission and cannot be challenged by the employer in an independent case, we reach the conclusion that the order of the Industrial Commission is justified by the evidence.

It is claimed that the order of the Commission made on January 3, 1931, directing that the additional awards be paid from the state fund is invalid. We reach the conclusion that this order was made within the jurisdiction of the Industrial Commission. **State ex rel Croy vs Industrial Commission, 122 Oh St, 65; State ex rel Thompson vs Industrial Commission, 121 Oh St 17; State ex rel Davis vs Industrial Commission, 118 Oh St 340.** The fact that the plaintiff is a solvent employer makes no difference as to the jurisdiction of the Industrial Commission. It is claimed that this action is the only remedy which the plaintiff has to review the judgment of the Commission. It may be true as decided in the Stratmeyer case that the plaintiff has the remedy provided for by injunction where questions of law only are at issue, but as to the evidence we think that it has no such remedy. We are therefore of opinion that the plaintiff has no right to interpose a suit in injunction against the findings and orders of the Industrial Commission, and that his petition must be dismissed.

HORNBECK and KUNKLE, JJ, concur.