**STATE ex WHITMAN v INDUST COMM**

Ohio Appeals, 2nd Dist, Franklin Co

No 2638. Decided Feb 24, 1936

John W. Bricker, Attorney General, Columbus, and R. R. Zurmehly, Asst. Atty. Gen., Columbus, for respondent and for the demurrer.

Jones & Henderson, Columbus, for relator and contra the demurrer.

## OPINION

### By HORNBECK, J.

The facts stated are made the subject matter of the petition in mandamus and it is the claim of the relator that the Commission should be required to make an additional award under the constitutional provision. The respondent files a general demurrer to the petition and thus there is presented the question whether or not the petition states a cause of action. The proposition is determined by the proper construction of §1465-61, GC, under which the original award was made to the relator by the Commission, and of Article 2, Paragraph 35 of the Constitution of Ohio.

Sec 1465-61, GC, provides in so far as pertinent to our question:

"The term 'employe' * * *, as used in this act shall be construed to mean:

3. Every person in the service of an independent contractor or subcontractor who has failed to pay into the state insurance fund the amount of premium determined

and fixed by the Industrial Commission of Ohio for his employment or occupation, * * * shall be considered as the employee of the person who has entered into a contract, * * * with such independent contractor unless such employees, * * * elect, after injury or death to regard such independent contractor as the employer."

Article 2, paragraph 35, in so far as is pertinent to our question provides:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, * * * and any employer who pays the premium or compensation provided by law, * * * shall not be liable to respond in damages at common law or by statute * * *. Such board shall set aside as a separate fund such proportion of the contribution paid by employers as in its judgment may be necessary, * * * to be expended by such board in such manner as may be provided by law for the investigation and prevention of industrial accidents and diseases.

"Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted, because of the failure of the **employer** to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the general assembly or in the form of an order adopted by such board, and its decision shall be final; * * * When it is found, upon hearing that an injury, disease or death resulted because of such failure by the **employer**, such amount as shall be found to be just, not greater than fifty nor less than fifteen per cent of the maximum award established by law, shall be added by the board to the amount of the compensation that may be awarded on account of such injury, * * *."

(Emphasis ours).

A determination of the immediate question is one of first impression. No case is cited nor have we found any in our independent investigation which reaches the narrow question for determination.

The following cases related in some particular to actions growing out of claimed failure of an employer to comply with a specific requirement, but none of them touches the right of the Board to require an employer so designated by virtue of §1465-3 GC to pay an additional sum to the employee by virtue of the provision of the **Constitution of the State of Ohio, Art. II, §35:**

State ex Davis v Industrial Commission, 118 Oh St, 340.

State ex Stuber v Commission, 127 Oh St, 325.

State ex Richardson v Commission, 128 Oh St, 570.

State ex Barrey v Commission, 129 Oh St 228.

State ex Moore v Commission, 129 Oh St 195.

Swift & Co. v See, 30 Oh Ap 127 (6 Abs 277).

Lane Construction Co. v Commission, 41 Oh Ap 169 (11 Abs 445).

We are cited to DeWitt et v State ex Crabbe, Attorney General, 108 Oh St, 513, which declares that Par. 3 of §1465-61, GC, is a valid constitutional enactment. This case, however, is no authority of advantage in defining the scope of the word 'employer' as used in Art. II, §35 of the State Constitution.

Rosseau was an independent contractor on the job and the scaffold, defective construction of which caused the injury to Whitman, was erected by Rosseau, who was in the common acceptation of the term the 'employer,' as defined in **Furnace Co.** v Sachovsky, 111 Oh St, 795,—"one who engages the services of a workman and agrees to pay him therefor." Whitman was an employee of the principal contractor, The Van Gundy & Beck Company and it was his employer only by force of the terms of §1465-61, GC. If Whitman is to be declared to be an employee within the constitutional provision heretofore quoted, it must be because required by the comprehensive effect of the language employed in the statute. This statutory provision creates an artificial test of the relationship of employer and employe and should be strictly construed. By virtue of its terms the injured man may by election compel a contractor to bear the burden of compensating him, although there is no contractual relation between them. If he also is to be required to pay a sum in addition to the customary award, the purpose so to do should definitely appear.

The granting of the award made to the relator was by reason of §1465-61, GC, and §1465-82, GC. If there be an additional award in the nature of a penalty it must

be because of the authority granted to the Commission by the language of the Constitution heretofore quoted. It empowers the Board to hear and determine whether or not an injury * * * resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees enacted by the General Assembly or in the form of an order adopted by such Board.

The section of the statute which we have under consideration is found in that part of the Workmen's Compensation Act which pertains to the awarding of compensation to injured employees and the beneficiaries of those employees who die because of their injuries and sets up the means of determining their rights and the rights and obligations of employers who come within the terms of the Act.

There is also another part of the Workmen's Compensation Act, known as the Safety Code, enacted by virtue of Art. II, §34 of the Ohio Constitution. The distinction between these parts of the chapter on Industrial Commission in the Code is drawn in the recent case of State ex Nichols v Gregory et, 130 Oh St, 165, Ohio Bar, November 4, 1935. §871-1, GC, et seq., wherein is found the Safety Code, also provides for the creation of the Industrial Commission and defines its powers and duties. §871-13, GC, defines terms as used in this Act, namely, the Act found in 103 Ohio Laws, pages 98-99. In this section employer and employee are both defined. It is under this definition of employer that determination is made by the Commission if there has been a violation of a specific requirement by an employer as in the Act defined. §1465-61, GC, also by terms provides that the definition of employee therein found relates to the Act, but it is a different Act found in 103 O. L., 71, et seq. Obviously the meaning of 'employer' found in the Safety Code is not identical with the meaning of the word as implied in §1465-61, par. 3, GC.

As we read the specific requirements of the Safety Code or those promulgated by order of the Industrial Commission to which our attention has been directed, the Board would not have authority to determine that The Van Gundy & Beck Company in the instant case was chargeable with the violation of a specific requirement. Violations of specific requirements established by law or by order of the Commission are penal offenses and may be so punished. The Board may not determine that one who bears no contractual relation to a workman does not come within the terms of

employer under §871-13, GC, and who does not build or is under no obligation to build or maintain a scaffold, the faulty construction of which causes injury to the workman, is an employer chargeable with the violation of a specific requirement.

The Constitution then, when it provides further that "when it is found, upon hearing that an injury, * * * resulted because of such failure by the employer, such amount as shall be found to be just, * * * shall be added by the board to the amount of the compensation that may be awarded on account of such injury," has reference to an employer who could be held responsible under the law for a failure to observe a specific safety requirement.

It is probable that had it been the purpose of the Legislature to make the employer designated by §1465-61, par. 3, GC, amenable to the added liability contemplated by Art. II, §34 of the Ohio Constitution, it would have been more specific in indicating a purpose so to do.

If compensation be awarded to an employee from an employer who, under the Constitution could be found by the Board to have violated a specific safety requirement, then the Board could require such employer to pay an additional sum as provided.

There would seem to be little doubt that if in the instant case Rosseau carried Workmen's Compensation Insurance and an award had been granted Whitman, an additional allowance could be made to Whitman · because Rosseau answered the description of employer as found both in the statute and in the Constitution, but Rosseau is the only individual in this case who could be found by the Board to have failed to have complied with a specific requirement for the protection of the lives, health or safety of his employees.

The demurrer will be sustained. Petition dismissed.

BARNES, PJ, and BODEY, J, concur.