Hart, J.
 

 The questions of law presented by the
 
 *649
 
 record in this case may be stated as follows: (1) Do the pleadings show that the action was filed against the wrong party defendant as held by the trial court in sustaining the motion of the defendant to dismiss the appeal? (2) On appeal, on the issue as to whether an injured workman was an employee of an employer complying with the Workmen’s Compensation Act, is such appellant, as a matter of right, entitled to have the trial court hear and determine this issue of fact from the transcript of testimony taken on rehearing? (3) Does the trial court in an action on appeal from a denial of a compensation claim by the Industrial Commission on a jurisdictional ground, have jurisdiction and power on good cause shown, to require the commission to grant further hearings as upon rehearing, and to order the commission to amend or revise . the transcript of the record on rehearing so as to show correctly the proceedings on rehearing of claims pending before it?
 

 This action was brought in the Common Pleas Court on appeal from a final order of the Industrial Commission on rehearing denying the claim of the plaintiff. This jurisdiction is granted by Section 1465-90, General Code, which provides, among other things, that “If the claimant is seeking compensation from the state insurance fund, the defendant in such action shall be the Industrial Commission and summons shall be issued to the Industrial Commission and also to the Attorney General.” The petition alleges that the plaintiff was an employee of the L, N. Gross Company, an employer of more than five persons and a subscriber to the workmen’s compensation insurance fund; that he was employed by the Corporation Service Bureau, Inc., as agent for and on behalf of the L. N. Gross Company; that he was, in fact, an employee of the latter company and while so employed was injured; that within two years from the date of his injury he filed his claim with the commission; and that the com
 
 *650
 
 mission disallowed Ms claim “for the reason that proof of record fails to establish that claimant at the time of receiving his injuries was an employee of the Corporation Service Bureau, Inc., within the meaning of the workmen’s compensation law * * These allegations presented questions of fact which, on appeal, must be determined by the trial court.
 

 The evidence contained in the transcript of the record on rehearing was not yet before the court and the order of the court in dismissing the action “for the reason that said cause has been filed against the wrong party defendant” was premature. Perchance, the transcript of the record on rehearing may show sufficient facts to support the allegations of plaintiff’s petition. It was so claimed by counsel for plaintiff on oral argument of this case. If it should appear that the relationship of the Corporation Service Bureau, In©., to the L. N. Gross Company was that of agent, and further that the former was not amenable to the Workmen’s Compensation Act, or having five or more employees failed to comply with the ' act, the evidence on rehearing before the commission may disclose that the plaintiff is entitled to be considered as an employee of the L. N. Gross Company instead of the Corporation Service Bureau, Inc.
 

 Again, if the evidence should show that the Corporation Service Bureau, Inc., was an agent in employing the plaintiff for the L. N. Gross Company, the fact that the application in the first instance named the former as plaintiff’s employer, should not be fatal to his claim. The facts, and not technicalities, should prevail.
 

 The facts presented and the result reached in the case of
 
 State, ex rel. Thompson,
 
 v.
 
 Industrial Commission,
 
 121 Ohio St., 17, 166 N. E., 806, have a bearing on the solution of the questions presented in this case. In that case the claimant, Thompson, filed an application for compensation naming as his employer, one
 
 *651
 
 Bonney, -who was superintendent of the shop or factory of the real employer, Bergman. In an action to enforce the award against Bonney, he defended on the ground that he was not, in fact, the injured employee’s employer and prevailed in such defense. Thompson, the injured employee, then brought an action in mandamus to compel the commission to pay the award out of the surplus fund created by virtue of Section 1465-54, General Code. Judge Jones of this court, in the opinion in that case, said:
 

 “It is conceded by the demurrer that the relator was an employee of an employer employing five or more workmen, and the only controversy seems to be whether he was the employee of Bergman or Bonney. One or the other was Thompson’s employer, and one or the other did employ five or more workmen. Bergman and Bonney may battledore that issue between themselves, but their quarrel does not concern the injured workmen, who was entitled to compensation if employed by either. ’ ’
 

 From the answer in this case it appears that the commission denied the application of the plaintiff to amend his original application so as to show the L. N. Gross Company was his real employer, for the reason that the application was made more than two years after the date of plaintiff’s injury and that his claim was barred. In the view of this court, such an amendment would not so change the claim or the cause of' action as to prevent such amendment after the two-year period had expired. Such amendment would not affect new parties or change the nature or character of the claim. The action is primarily against the fund and not the parties insured under or protected by it. The commission, as defendant in the action, represents such parties as it does in all cases of allowance or dis-allowance of claims, and in defending the disallowance of claims on appeal.
 
 Kaiser
 
 v.
 
 Industrial Commission.
 
 136 Ohio St., 440, 26 N. E. (2d), 449. Judge Williams
 
 *652
 
 of this court, in the opinion in the case just cited, said:
 

 “In order that complete justice might be meted out to every claimant for compensation broad authority was given to the commission. When that body once assumes jurisdiction of a claim for injury of an employee in the course of his employment, that jurisdiction is continuing with power to make such modification of its former findings from time to time as it may deem justified subject only to the ten-year limitation prescribed in Section 1465-86, General Code. Under the application of this principle it is established that a supplemental application or application for modification of an award to secure compensation for a subsequently developing disability may be filed after the expiration of the two-year period.”
 

 The facts alleged in the petition disclose a compensable injury (see
 
 Gregory
 
 v.
 
 Industrial Commission,
 
 129 Ohio St., 365, 195 N. E., 699), and the trial court erred in sustaining defendant’s motion to dismiss the action.
 

 Did the court err in overruling the motion of the plaintiff to require the commission to certify, as a part of the transcript of the rehearing, certain proceedings after the rehearing proper had been completed?
 

 The evidence contained in the transcript apparently was not before the court when this motion was made, and is not now a part of the record. Perhaps the record already certified is sufficient. At any rate the motion, in the opinion of the court, may have been premature. If, however, on examination of the transcript, it appears that some error, omission, or mistake has been made by the commission in the preparation of the transcript, undoubtedly the Common Pleas Court,'as the appellate court, would have jurisdiction and power in its discretion to order a correction of the record and transcript of the record' to preserve the legal rights of the parties. Otherwise, the court in the trial of such appeals, being confined to the transcript of the record
 
 *653
 
 on rehearing, would have no opportunity to correct such errors, and reviewing courts would, likewise, be helpless to correct them on review. However, in view of the fact that the motion of the plaintiff may have been premature, the record of rehearing not having been brought to the attention of the court at the time of ruling upon the motion, it was not error for the court to overrule it.
 

 From the record it appears to the court that plaintiff has not had a hearing on the real merits of his claim, and in view of the requirement of the compensation act that the law granting compensation to injured workmen and the procedure on the prosecution of claims thereunder shall be liberally construed in favor of the claimant, the judgment should be reversed and the ease remanded.
 

 The judgments of the Court of Appeals and' that of the Common Pleas Court are reversed and this cause is remanded to the Common Pleas Court for further proceedings according to law.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Williams, Matthias and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.