Taft, J.,
dissenting. I regret that I cannot agree with the conclusions of the court in this case.
The first question is whether this claim is barred by the portion of Section 1465-68(a), General Code, reading:
“Claims of dependents for benefits on account of death from silicosis shall be forever barred unless application therefor shall have been made to the Industrial Commission within six months after death.”
Here it appears that the decedent had filed claims with the Industrial Commission prior to his death, naming Jones & Laughlin Steel Corporation and the Park Drop Forge Company. These two claims were being processed at the time of decedent’s death. Less than two months after decedent’s death relatrix, hereinafter referred to as relator, filed a claim with the commission, seeking the death benefits provided by law. This claim designated the Park Drop Forge Company as the employer in whose employment decedent had suffered his last injurious exposure. Thereafter slightly more than six months after decedent’s death, on request of the commission, a like application was filed in which relator stated that the last injurious exposure occurred during decedent’s employment by Jones & Laughlin. It further appears from the files of the Industrial Commission *117 that less than six months after decedent’s death an inter-office communication in the commission’s Cleveland branch referred to the two claims which the decedent had filed, noted his death and stated that ‘ ‘ these two claims will therefore be completed as death claims.” There are other documents in the commission’s files to substantially the same effect.
Admittedly a death claim was filed with the Industrial Commission within six months of decedent’s-death. A silicosis claim is not like a claim for an injury. Unlike in a claim caused by injury, it may be difficult to determine which of several employers was responsible. This is recognized in the portion of Section 1465-68(ó), General Code, providing that compensation for disability or death from silicosis shall' not be payable unless “the employee has been subject to injurious exposure to silica dust * * * in his employment in Ohio preceding his disablement, for periods amounting in all to at least three years, some-portion of which shall have been after the effective-date of this act, ’ ’ and the portion of that section which-states that such compensation shall be paid “only in-the event of * * * disability # * * or death.”
Obviously there may be several employers involved’ in such a claim. Here, both claims filed by decedent before his death, as well as the death claim filed within two months after his death and designating Park Drop Forge Company as the employer in whose employment decedent suffered his last injurious exposure, would all require the commission to determine-whether decedent had suffered an injurious exposure while employed by Jones & Laughlin. This is because-he had been employed by Park Drop Forge Company for more than two, but less than three, years before his total disability commenced and his previous employment for nine years had been with Jones & Laughlin.
*118 The statute does not say that a single employer must be designated as the responsible employer. In my ■opinion, when a silicosis claim has been filed with the commission, the duty of ascertaining the responsible •employers should rest upon the state. See State, ex rel. Thompson, v. Industrial Commission, 121 Ohio St., 17, 166 N. E., 806; Pyle v. Industrial Commission, 139 Ohio St., 644, 41 N. E. (2d), 857. The mere fact that Jones ■& Laughlin was not designated by the relator as the •one in whose employment decedent last suffered an injurious exposure should certainly not affect her rights. In my opinion, since her death claim was filed with the commission in time, an amendment so designating Jones & Laughlin should be allowed if such amendment of her claim is necessary. Kaiser v. Industrial Commission, 136 Ohio St., 440, 26 N. E. (2d), 449. The fact that Jones & Laughlin is a self-insurer does not affect the remedy of relator. See Reinholz v. Industrial Commission, 96 Ohio St., 457, 119 N. E., 129.
The opinion of the majority of this court and the second paragraph of the syllabus treat relator’s failure to file her claim with Jones & Laughlin within six months of decedent’s death as a bar thereof by reason of Section 1465-72&, General Code.
Under the provisions of that section such a claim is barred “unless * * * within six months after death occurred, application shall be made to the Industrial Commission of Ohio, or to the employer in the event such employer has elected to pay compensation direct.” (Emphasis added.)
Admittedly an application was made to the Industrial Commission within less than six months. The word “or” indicates that it could have been made to Jones & Laughlin since that employer was a self-insurer.
The language of Section 1465-72&, General Code, *119 does not require that the application must be made to the employer instead of the Industrial Commission where the employer is a self-insurer.
The second question involved is whether Section 1465-68a, General Code, as in force at the time of decedent’s death should apply. Until October 12, 1945, this section provided for payments “only in the event of * * * disability or death resulting within two years after the last injurious exposure.” Effective October 12, 1945,* the statute was amended to change “two years” to “eight years.”
Decedent’s last injurious exposure was on February 13, 1943. In July 1945 his disability commenced. He died on January 2, 1946.
The second and fourth paragraphs of the syllabus in Industrial Commission v. Kamrath, 118 Ohio St., 1, 160 N. E., 470, read:
“2. The provisions of the General Code relating to compensation of injured employees or the dependents of killed employees in force at the time the cause of action accrues are the measure of the right of such employees and dependents to participate in the state insurance fund.”
“4. The cause of action of a dependent of a killed employee accrues at the time the employee dies from an injury received in the course of his employment.”
In 58 American Jurisprudence, 627, Section 73, it is said:
“With respect to time, the right to compensation for an injury, under the workmen’s compensation acts is governed, in the absence of any provision to the contrary, by the law in force at the time of the occurrence of such injury. This rule is applicable to the rights of relatives or dependents of a deceased employee, in so far as they are predicated upon the survival of the rights of the employee. But where the statute con *120 fers upon the dependents a new and independent right to compensation on account of his death, it is generally held that the right to such compensation is governed •by the law in force at the time of death rather than at the time of injury, when the two events are separated in time.” State, ex rel. Slaughter, v. Industrial Commission, 132 Ohio St., 537, 9 N. E. (2d), 505, is cited in support of the last statement.
It is argued, however, that, to follow the foregoing statement in the Kamrath case in this case, would contravene the inhibitions in the Constitution against enactment of retroactive laws.
Apart from the provisions of the Workmen’s Compensation Act relating to self-insurance, there would ■appear to be no substantial objection under that constitutional provision which could not be raised with regard to the so-called “moral claims” acts of the Legislature. Such acts have been sustained as against the contention that they contravene these constitutional provisions. Spitzig v. State, ex rel. Hile, 119 Ohio St., 117, 162 N. E., 394.
As pointed out in Thornton v. Duffy, 254 U. S., 361, 367, 65 L. Ed., 447, 41 S. Ct., 7, in discussing the decision of this court then under review (Thornton v. Duffy, 99 Ohio St., 120, 126 and 127, 124 N. E., 54): ‘ ‘ To the contention the Supreme Court replied that the alternative to contribution to the state fund of dealing with the employees directly was a privilege that need not have been granted and that, therefore, to effect the purpose of the Constitution and law, could be withdrawn * *
I believe, therefore, that the law as in effect at the ■date of decedent’s death should be applied and, since relator’s death claim was filed with the commission within six months of decedent’s death, the writ prayed for should be allowed.

 Filed in office of Secretary of State, July 13, 1945 (121 Ohio Laws, 661).