### LARIMORE v PERFECT, Admr et

Ohio Appeals, 2nd Dist, Champaign Co

No 91. Decided Nov 28, 1932

S. S. Deaton, Urbana, and Benjamin E. Seibert for plaintiff in error.

W. M. Vance, Prosecuting Attorney, Urbana, and J. H. Davis, of the Attorney General's Office, Columbus, for Industrial Commission.

**KUNKLE, J.**

The first ground of error urged by counsel for plaintiff in error relates to the court's ruling in making the Industrial Commission of Ohio a party defendant in the case. Counsel claim that the Industrial Commission is neither an interested, a necessary nor a proper party.

The petition shows that the administrator of Abner E. Riddle rejected the claim for the reason that there were no assets belonging to said decedent or his estate. We find among the papers in the case a stipulation signed by counsel as follows:

"It is stipulated by and between counsel for plaintiff and counsel for Industrial Commission that there are now no known assets in the estate of Abner Riddle, deceased."

It is thus apparent that the estate of Abner E. Riddle is insolvent. The petition does not show what action was taken in 1925 by the Industrial Commission upon the application of plaintiff in error for compensation for injury to his left foot caused by the falling of the same door which fell on his right foot at the same time and place when the injury to his right foot occurred.

The Workmen's Compensation Act is purely a creature of statute and is governed entirely by statutory regulations.

In the event plaintiff in error is successful in this action, it becomes the duty of the Industrial Commission to determine the amount of compensation due plaintiff in error and then to make an order against the estate of Abner E. Riddle to pay such award within ten days. If the same is not so paid, then it becomes the duty of the Commission to certify the same to the Attorney General of Ohio for collection. If such award is certified back to the Industrial Commission by the Attorney General as uncollectible then, under the provisions of §1465-74 GC it becomes the duty of the Commission to pay such award from the surplus created by §1465-54 GC. It thus clearly appears that the Industrial Commission of Ohio is an interested party and being such, we think it is the duty of the Commission to see that a proper defense is made.

That an award under the circumstances of this case is subject to payment out of the surplus fund created by §1465-54 GC has been definitely determined by our Supreme Court in the case of **State ex Thomp-**

son v Industrial Commission of Ohio, 121 Oh St, 17 and in the case of **State ex Croy v Industrial Commission of Ohio**, 122 Oh St, 66.

Plaintiff in error resisted this motion upon the ground that under §1465-90 GC it is not contemplated that the Industrial Commission should be a party in a proceeding of this nature.

Sec 11255 GC provides that any person may be a defendant who has or claims an interest in the controversy adverse to plaintiff or who is a necessary party to a complete determination or settlement of the question involved therein.

Sec 11262 GC provides that when such determination cannot be had without the presence of other parties, the court may order them to be brought in, or dismiss the action without prejudice.

We think the various sections of the Code should be read and considered together and that upon such consideration the Industrial Commission of Ohio was not only a proper, but a necessary party to the proper determination of the case.

We also think that when the purposes of the Act are considered that §1465-90 GC permits the making of the Industrial Commission a party defendant.

In reference to the court's ruling upon the demurrer, we find, as above quoted from the petition, that the plaintiff in error was injured on the 5th day of February 1925 and in June of 1931 he filed his application with the Industrial Commission of Ohio for compensation for injury to and loss of by amputation his great toe, the toe next to the same and the metatarsal bones connected therewith on his right foot, to be paid in amount and manner provided by the Workmen's Compensation Act.

Sec 1465-72A provides that,

"In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after the injury or death, application shall have been made to the Industrial Commission of Ohio or to his employer in the event such employer has elected to pay compensation direct."

Plaintiff in error attempts to excuse the delay in presenting this application because of his failure to discover the injury to the right foot until some years after it occurred. We cannot escape the conclusion that this does not relieve plaintiff in error from the express provisions of §1465-72A GC.

Upon a careful consideration of the record and briefs of counsel, we find no error in the record which we consider prejudicial to plaintiff in error, and the judgment of the lower court will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.