**SANDERS v INDUSTRIAL COMMISSION**

Ohio Appeals, 1st Dist, Hamilton Co

No 4350. Decided June 5, 1933

Amos P. Foster, Cincinnati, and L. J. Williamson, Cincinnati, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, and Raymond J. Kunkel, Special Counsel, Columbus, for defendant in error.

## OPINION

By ROSS, J.

This is a proceeding in error from the Court of Common Pleas of Hamilton County, Ohio, wherein a judgment was rendered in favor of the defendant, the Industrial Commission of Ohio, a verdict having been instructed in favor of the Commission, based upon the premise that the employer of the plaintiff did not regularly employ three or more men, and that the Commission was not a proper party defendant.

Without reviewing the evidence at length, we find upon examination of the record that the facts are largely similar to those in the case of State of Ohio ex Gilbert Bettman, etc. v Christen, decided by this court March 27, 1933. In that case this court said:

"The summarization of the number of employees and the time which they worked shows that the defendant did not employ three or more workmen regularly in the same business. The employment was only when his work required some additional men, which was infrequent. The employment of three or more men was desultory and irregular. If the three or more men were employed irregularly as the evidence shows, it could not have come within the language of the statute that they were **regularly employed.**"

The facts in that case were as favorable, if not more so to the employee.

Where there is no evidence indicating regular employment of three or more men the court is justified in instructing a verdict against the employee.

In the instant case the employer was a building contractor, employing varying numbers of men upon jobs as he was successful in securing them. The plaintiff in error tenders the following summary of such employment:

| JOBS | AMOUNT | DATE | EMPLOYEES |
|---|---|---|---|
| Richards | $2,400. | 1927 | 10 |
| Bailey | 100. | 1927 | 3 |
| Tetters | 2,800. | 1926-7 | 4 |
| Forbes | 300 | 1927 | 3 |
| Struble (3 houses) | | 1926-7 | 1-12 |
| Garage | | | 3 |
| City Hall Steps | 344. | 1927 | 4 |
| School Sewer | 180. | 1928 | 4 |
| Methodist Church | 700. | | 2 |
| Conley House Roofing | 285. | 1926 | 2 |
| Hayhurst Roof | 52. | 1927 | 1 |
| Winkler House | | 1927 | 3 |
| Village Job, painting Rooms, etc | 358. | 1926 | 7" |

The record shows that in some of these the employer counted himself in as a workman.

In any event, construing the evidence most favorably to the mployee, the employment is not such as to constitute regular employment of three or more workmen within the meaning of the statute.

Upon the other ground of instructing the verdict, we think the court erred. §1465-90, GC, gives the employee an option of making claim against the Commission or a noncomplying employer. That he may, however, proceed against the Commission is apparent from a reading of the statute and is particularly emphasized in the closing lines of the section:

"Such right of rehearing before the commission and of appeal from the decision of the commission on such rehearing where such decision denies compensation to a claimant on the grounds hereinbefore specified, shall apply to a claimant in cases in which an employer is a contributor to the state insurance fund or has elected to compensate his employes directly under the provisions of §1465-69 GC or has failed and neglected to comply with the provisions of §1465-69 GC."

Our conclusion is that as in the case hereinbefore noted the employer did not

regularly employ three or more workmen, and was, therefore, not required to comply with the provisions of the act and that the Industrial Commission was not therefore required to award compensation, but that it was a proper defendant in the instant litigation.

HAMILTON, PJ, and CUSHING, J, concur.