## BEACH v UNION GAS & ELECTRIC CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4732.   Decided March 18, 1935

Ray Hicks, Cincinnati, and Jos. G. O'Connell, Cincinnati, for plaintiff in error.

C. S. Weakley, Cincinnati, and William B. Ramsey, Cincinnati, for defendant in error.

**OPINION**

By HAMILTON, J.

Plaintiff, the plaintiff in error here, claims that the action was commenced by filing the appeal and by filing the petition in the Court of Common Pleas; that the same is a mere appeal to a new tribunal of an existing controversy or proceeding, to which the court may permit the making of new parties defendant necessary for a proper determination of the action.

The claim of The Union Gas & Electric Company, defendant in error, is that to commence the action, the petition must be filed within the 60 days, making it the party defendant under the facts in the case; and that failure to do this was a failure to commence the action within the time limit provided by law.

The wording of the statute, §1465-90, GC, pertinent to the question involved here is as follows:

"If the commission, after such hearing, finds that it has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the Common Pleas Court of the county wherein the injury was inflicted, or in the Common Pleas Court of the county wherein the contract of employment was made in cases where the injury occurs outside the state of Ohio. If the claimant is seeking compensation from the state insurance fund, the defendant in such action shall be the Industrial Commission and summons shall be issued to the Industrial Commission and also to the attorney general. If the claimant is seeking compensation from an employer who has qualified to pay compensation direct, as provided by §1465-69 GC, or from an employer who has failed to comply with this act, the defendant in such action shall be such employer and summons shall issue to such employer. Further pleadings shall be had in accordance with the rules of civil procedure."

The meaning of this statute is not entirely clear. The statute says: "the claimant, * * * may file a petition in the Common Pleas Court of the county wherein the injury was inflicted." It does not follow this statement immediately with the provision as to who the defendants should be. Thus far, it would seem to be an ex parte proceeding, on appeal, to permit the Common Pleas Court to review the action of the Industrial Commission. However, the section does provide that "if the claimant is seeking compensation from the state insurance fund, the defendant in such action shall be the Industrial Commission, and summons shall be issued to the Industrial Commission and also to the attorney general." Then follows the provision: "If the claimant is seeking compensation from an employer who has qualified to pay compensation direct * * * the defendant in such action shall be such employer and summons shall issue to such employer."

The substance of the section, reasonably construed is, that within sixty days the plaintiff may file a petition in the Common Pleas Court, making the employer, if a self-insurer, the defendant in such action and summons shall issue to such employer. From this, it seems that for the claimant to get his case properly filed, the intention of the legislature was that the petition should make a proper party defendant. This is suggested by the next phrase, which provides: "Further pleadings shall be had in accordance with the rules of civil procedure." Unless made a party defendant, the employer would not be in a position to answer the petition.

The section also suggests that the proceeding is a new action by the use of the words "in such action". To commence an action, it is necessary that there be a proper defendant and summons caused to be issued thereon.

The petition on its face shows that an action was brought against The Industrial Commission within sixty days following the rejection of the plaintiff's claim by the Industrial Commission. Counsel for plaintiff in error stresses strongly in the brief that this is not a new action, but is merely an appeal from a finding of an administrative body, and that the filing of the petition

against the Industrial Commission was sufficient to meet the sixty day limitation under the statute. We cannot, however, overlook the fact that the law itself suggests the proceeding to be a new action, by stating "the defendant in such action shall be such employer."

In view of the proceedings provided for in the Workmen's Compensation Act for the filing of a claim for compensation and the method of enforcing payment of any sums allowed, why the legislature should have provided for an adversary proceeding on appeal to the Common Pleas Court and provide who should be the defendants is difficult to understand, but having done so, the court can but carry out the provisions of the legislative act.

Our conclusion is that the Court of Common Pleas was correct in sustaining the demurrer to the third amended petition on the ground stated, and that judgment is affirmed.

This judgment is in conflict with the judgment of the Court of Appeals of the Sixth Appellate District in the case of Valacek et v Industrial Commission et, 13 Oh Ap, 17. While the same Court of Appeals receded from its decision in the Valacek case in Larimore v Perfect, Admr., 45 Oh Ap, 136 (14 Abs 121), the Valacek case was not reviewed by the Supreme Court and is not mentioned in the Larimore case. We will, therefore, certify the instant case to the Supreme Court for review and final determination as being in conflict with the decision in Valacek v Industrial Commission, supra.

ROSS, PJ, and MATTHEWS, J, concur.