KOPP, APPELLEE, *v.* TORTO, EXRX.; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

(Decided November 12, 1940.)

*Messrs. Holloway, Peppers & Romanoff,* for appellee.

*Mr. Thomas J. Herbert,* attorney general, and *Mr. E. P. Felker,* for appellant.

OVERMYER, J. This appeal on questions of law was filed by the Industrial Commission to reverse a finding and judgment entered in the Common Pleas Court in favor of Minnie Kopp against Mary Torto, executrix of the estate of Louis Torto, deceased. The commission, over the objection of claimant, was made a party defendant in the action, upon its motion, after trial but before judgment.

A motion was filed by claimant, appellee herein, to dismiss the appeal upon the grounds that the commission is not an interested, necessary or proper party to the action and should not have been made a party, and is not the real party in interest and has no right to prosecute the appeal.

Claimant's deceased husband, Earl G. Kopp, was, on December 23, 1936, an employee of Louis Torto, an employer amenable to the provisions of the Ohio Workmen's Compensation Act but a noncomplier therewith. On the above date both Kopp, the employee, and Torto, the employer, were killed in the same accident at a railroad crossing in this county. Thereafter Mary Torto, the widow, was appointed executrix of the estate of the employer, Louis Torto, and the widow of the employee, Earl G. Kopp, made claim upon the executrix for a death award "as required by the laws of the state of Ohio," which award was refused. Claimant thereupon filed her application with the Industrial Commission under Section 1465-74, General Code. The application was disallowed and upon rehearing again disallowed, upon the ground that "the commission does not have jurisdiction to consider the same." This action was brought by claimant against the executrix of the estate of the deceased employer.

Issue was joined and, a jury having been waived, trial was had to the court. After the finding had been entered, and before judgment, the Industrial Commission filed the following motion, *viz.:*

"Now comes the Industrial Commission and moves the court that it be made a party defendant in this cause and be given leave to file a brief herein."

This motion was filed and allowed on May 8, 1940, and the judgment upon the finding for claimant was entered June 20, 1940. On June 22, 1940, the commission filed its notice of appeal herein.

Section 1465-90, General Code, provides:

"If the claimant is seeking compensation from an employer who has qualified to pay compensation direct, as provided by Section 1465-69 or from an employer who has failed to comply with this act, the defendant in such action shall be such employer and summons shall issue to such employer."

This section also provides that a claimant seeking compensation from the state insurance fund, in bringing an action on his claim on appeal from the commission, shall make the commission the defendant and have summons issued to it and also to the Attorney General.

No provision is found authorizing the making of the commission a party defendant and permitting it to prosecute an appeal against a noncomplying employer. The procedure to be followed by a claimant and by the commission in such case is provided for in Sections 1465-73 and 1465-74, General Code. The first section provides for the bringing of a civil action in the courts by the claimant against the noncomplying employer, and the second provides the procedure to be followed if the claimant desires, in lieu of proceeding against the employer, to invoke by application the authority of the commission to determine the award. This section also provides authority, in case of failure, neglect or refusal of the employer to pay such award made by the commission, for the certification of such fact by the commission to the Attorney General, "who shall forthwith institute a civil action against" the

noncomplying employer. Upon final judgment being therein recovered against the employer, and not until then, the commission becomes liable and is authorized to pay an award from the surplus fund in the hands of the commission provided for in Section 1465-54, General Code.

The present action was brought by claimant against the executrix of a noncomplying employer. There is no allegation in either the petition or the answer, or any statement, claim or proof in the motion of the commission asking to be made a party defendant, that the estate of the employer is insolvent or not sufficient to respond to any judgment that might be recovered against it in the civil action here brought by claimant against the estate of the employer. See paragraph two of the syllabus in *Larimore* v. *Perfect, Admr.*, 45 Ohio App., 136, 186 N. E., 739.

The motion to dismiss the appeal upon the ground that there was no authority for making the commission a party defendant to the action at the time, as was here done, is sustained. The procedure to be followed in the case is clearly defined in the statutes.

The appeal is dismissed and the cause remanded.

*Appeal dismissed.*

CARPENTER and LLOYD, JJ., concur.