**WEGLEY, Plaintiff-Appellant v. SNYDER,**

Ohio Appeals, Second District, Montgomery County.

No. 1836. Decided April 14, 1945.

188

John F. Edwards, Dayton, for plaintiff-appellant.
John B. Harshman, Dayton, for defendant-appellee.
Thomas J. Herbert, Attorney General, Columbus, for The Industrial Commission of Ohio.

## OPINION

By GEIGER, J.

This case is before this Court on appeal on questions of law from the judgment of the Court of Common Pleas sustaining a motion of the defendant requiring the plaintiff to elect against which of two defendants, M. G. Snyder or The Industrial Commission of the State of Ohio, she will proceed. The final order from which appeal is made is,

"It is further ordered that this plaintiff elect whether she will proceed against the defendant, M. G. Snyder, or against the defendant, The Industrial Commission of Ohio."

Briefly, the facts are as follows: On February 6, 1942, and prior thereto, M. G. Snyder, defendant-appellee, was the owner of and operated a filling station and lubritorium in Montgomery County, Ohio; that on said date and prior thereto, Snyder was the owner and operator of a gravel business located near the filling station and lubritorium, and adjoining

the same highway. Snyder's employees performed services for the mutual benefit of both the filling station and the gravel pit, and substantially, so far as the operation thereof is concerned, the two enterprises were operated as the same business, and no separate office for the transaction of the gravel pit business was maintained. An office for the transaction of the business of the filling station and the gravel business was maintained in the filling station. At the entrance of the gravel pit, a large sign advertised the fact of the proximity of the filling station and that the employees of the filling station received and transmitted orders for gravel.

The plaintiff's decedent, Bernard Wegley, was employed by defendant, Snyder, and worked continuously in the filling station business until his death. His duties were to perform services generally of a filling station and lubritorium attendant and also to perform certain duties for the sand and gravel end of the business in taking care of the cars and trucks and servicing the same, and taking the calls and orders for sand and gravel, and accepting money for the payment of same.

Snyder, Appellee, kept two of the dump trucks used in the sand and gravel business at the filling station during the night or whenever they were not in use. It was the duty of the hired help, Wegley, to drive said trucks into the filling station and place them in position for storage; In order to get said trucks in said filling station in position, it was necessary to drive one of them onto a ramp which was part of the lubricating hoist. The decedent, Wegley, on the 6th day of February, 1942, while in the performance of his duties, had driven one of the trucks into the lubritorium upon the ramp and had closed the door, when the truck ran off the ramp and caught the decedent between the truck and the door, killing him instantly.

Appellant, Gertrude Wegley, filed her application as widow of the decedent, with the Industrial Commission of Ohio, on a form prescribed by the Commission for claims against non-complying employers. Said application was denied and an application for rehearing duly filed, which was also denied, and the claim was appealed to the Court of Common Pleas of Montgomery County, Ohio. Snyder and the Industrial Commission were made parties defendant. The Industrial Commission was made party defendant on the claim of the appellant that it was a necessary party for the complete determination of the questions involved. It is claimed that Snyder, the appellee, did not pay into the Industrial Commission compensation fund on his employees at the filling station and lubritorium, but did pay into the fund on his employees en-

gaged in the operation of the sand and gravel pit—that is, those actually working at the pit. It is asserted that he did not pay into the fund for the employees of the filling station and lubritorium who performed certain duties for the said sand and gravel pit, and did not pay upon the defendant's decedent, Bernard Wegley.

It is claimed by the plaintiff-appellant that the decedent was employed in performing services both at the filling station and at the gravel pit. The original claim was filed with the Industrial Commission, and evidence was tendered in support of this contention without any objection on the part of the Commission or the other defendant-appellee to the manner in which the claim was filed.

The defendant-appellee filed no answer denying that the decedent was employed by him at the time of the injury causing death. The specifications of error by the plaintiff-appellant are briefly that the court erred in sustaining the defendants-appellees' motion for an order requiring plaintiff-appellant to elect as to whether she would proceed against the defendant-appellee, M. G. Snyder, or against the defendant-appellee, The Industrial Commission of Ohio, the point being urged that Snyder, the employer, and The Industrial Commission of Ohio, are necessary parties defendant for the full and complete determination of the appellant's rights in the matter, and too, that unless objection was made to the form used in the presentation of said claim, the same is waived.

The first matter that presents itself to our attention, is whether or not the order of the court below requiring the plaintiff-appellant to make an election as to which defendant she would proceed against, was a final order under §12,223-2 GC, which describes a final order as being:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, etc."

Without arguing the matter at length, we are of the opinion that the requirement of the Court that the plaintiff-appellant elect against whom she is to proceed, Snyder or the Industrial Commission affects her substantial rights and prevents a judgment. It is true that she may not have a double recovery, but she has the right to bring into court the ones that she claims are concerned in the matter that

she presents. If Snyder occupies a dual position, one as manager of the filling station, in which capacity he had three or more employees, but for whom he paid nothing into the Industrial Commission fund, and if at the same time he occupied the position of manager of the gravel pit and gravel business, where he had three or more employees engaged, for whom he paid the prescribed fees into the Industrial Commission fund, and if the decedent, Bernard Wegley, gave part of his time to one and part to the other, and was killed while he was on the property of the filling station, by an instrumentality belonging to the gravel business, the plaintiff-appellant should have a right to go forward against both of the possible sources who are to furnish her compensation for the loss of her husband, and try the case on the facts as may be developed. **Sec. 11255 GC.** She should not be obliged to now resort to the exclusive right to recover through Snyder, a non-conforming employer who possibly might have nothing out of which to compensate her after she has recovered a possible judgment. Nevertheless, she has a right of action against him. She should not be obliged at this time, before the trial of the case, to make an election. That is a matter that may easily be determined after the trial has been had and evidence introduced on her behalf. See §1465-68 GC; "employee" described in §1465-61 GC.

One of the jurisdictional grounds which is a basis for a rehearing is the finding that:

"The employer was not amenable to the law."

The Section further provides:

"If the claimant is seeking compensation from the state insurance fund, the defendant in such action shall be the Industrial Commission * * *. If the claimant is seeking compensation from an employer who has qualified to pay compensation direct * * *, or from an employer who has failed to comply with this act, the defendant in such action shall be such employer * * *."

If there is any evidence tending to establish the liability of the individual defendant as proprietor of the filling station as to which he had not complied with the Act by paying into the fund, he clearly is a proper and necessary party dedefendant.

We have held in **Larrimore v Perfect, Admr. et al.,** 14 Abs. **121,** that in an action against an administrator of a non-

complying employer, the Industrial Commission is a proper and necessary party.

**Sanders v Industrial Commission, 15 Abs. 539,** Third syllabus holds, that:

"The Industrial Commission is a proper party defendant in an action for the recovery of compensation under the provisions of §1465-90 GC, even though the claimant may not be entitled to such compensation out of the state insurance fund."

Sec. 1465-74 GC, specifically provides for the procedure against an employer who has failed to make payments to the state insurance fund and refused to pay compensation to the injured person or his dependents.

We find no case on the specific question whether or not the order requiring a party to elect, is a final order, but in **Ghaster v City of Fostoria, 115 Oh St 210,** it was held that an order sustaining a demurrer which resulted in a dismissal of the suit or a dismissal of a party defendant, and rendered judgment therefor, was final. This seems to be analogous, at least, to our question.

**State ex rel. Galloway v Industrial Commission, 27 Abs. 697,** holds that:

"An employee who has sustained two injuries in the same employment, at different times, one of which resulted in permanent disability, but which one may be difficult of proof, may prosecute both claims and is not required to elect one claim as a condition precedent to prosecution of the other."

Judge Barnes at the bottom of page 699, first column, discusses subject matter that is analogous to our question in the instant cause.

We are of the opinion that the order of the Court below is a final order from which appeal could be prosecuted, and we are of the further opinion that the court below was in error in requiring plaintiff to make an election. **Secs. 1465-74, 1465-75.**

Judgment of the Court below reversed and cause remanded.

HORNBECK, P. J. and MILLER, J., concur.